Ex Parte: Melonie Lynn **MYERS**.

No. 06–99–00161–CV.

Court of Appeals of Texas, Texarkana.

Submitted May 16, 2000.
Decided June 16, 2000.

Philip L. Cline, Expunction Atty., Charles R. Maddox, Crime Records Service, Austin, for appellant.

Clifton L. Holmes, Eric Albritton, Holmes Law Office, Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

The Texas Department of Public Safety appeals from a trial court order ordering the expunction of Melonie Lynn Myers's

criminal records in reference to her felony indictments for sexual assault and indecency with a child.

On December 10, 1997, the grand jury of Bowie County presented two felony indictments charging Myers with one count of sexual assault and one count of indecency with a child. On August 28, 1998, the district attorney's office filed a Motion to Dismiss both of the charges against Myers, stating that the State was unable to locate the witnesses in the cases. Myers filed a petition requesting expunction of all records or files relating to the arrest on these charges. After an evidentiary hearing, the trial court ordered that all records and files relating to these charges be expunged. The State then filed this appeal.

The State contends on appeal that:

1. The trial court committed reversible error because appellee presented either no evidence or insufficient evidence that she was arrested in Bowie County, Texas, which was a vital jurisdictional requirement;

2. The trial court committed reversible error because appellee presented either no evidence or insufficient evidence that appellee had not been convicted of a felony in the five years preceding the date of the matter for which expunction was sought; and

3. The trial court committed reversible error because appellee presented either no evidence or insufficient evidence that the felony indictments for which expunction was sought were disposed of in one of the statutorily required methods.

The Texas Code of Criminal Procedure governs the right to expunction of criminal charges from all records and files. Section 55.01 states that a person is entitled to an expunction if all of the following requirements are met:

(A) an indictment ... has been dismissed and the court finds that it was dismissed ... because of mistake, false information, or other similar reason indi-

cating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision ...; and

(C) the person had not been convicted of a felony in the five years preceding the date of the arrest.

TEX.CODE CRIM. PROC. ANN. art. 55.01 (Vernon Supp.2000).

*Jurisdiction of the Court*

■ The parties first dispute which procedural law governs this case. The applicable section of the Code of Criminal Procedure was amended effective August 30, 1999. The act of the Legislature itself determines which version of the statute applies. Section 5 of the enacting legislation states,

(a) The change in law made by this Act applies only to the expunction of arrest records and files relating to an arrest made on or after the effective date of this Act or relating to a criminal offense for which an acquittal occurred on or after the effective date of this Act.

(b) Expunction of arrest records and files relating to an arrest made or an acquittal that occurred before the effective date of this Act is governed by the law in effect when the arrest was made or the acquittal occurred, and the former law is continued in effect for that purpose.

Act of May 30, 1999, 76th Leg., R.S., ch. 1236, § 5, 1999 Tex. Gen. Laws 4282. Therefore, the law that applies to this case is the law in effect before the amendment took place. Article 55.02 of the Code of Criminal Procedure in effect at the time of Myers's arrest stated that the petition may be filed in a district court for the county in which he was arrested. TEX.CODE CRIM. PROC. ANN. art. 55.02, § 1(a) (Vernon 1979),

*amended by* Act of May 30, 1999, 76th Leg., R.S., ch. 1236, § 2, 1999 Tex. Gen. Laws 4280–82.[1]

The State contends that Myers had the burden of proving where she was arrested and further contends that because she provided no evidence on the issue, the trial court had no jurisdiction to order the expunction.[2] Myers contends that the procedural requirements of the Code of Criminal Procedure are "only a venue provision," and therefore, Myers was not required to put on evidence supporting venue.

 The purpose of the expunction statute is to allow an individual who has been wrongfully arrested to expunge the records of that arrest. *Texas Dep't of Public Safety v. Failla,* 619 S.W.2d 215, 217 (Tex.Civ.App.-Texarkana 1981, no writ). But the right to expunction is neither a common law nor a constitutional right. *Harris v. State,* 733 S.W.2d 710, 711 (Tex.App.-San Antonio 1987, no writ). Expunction is a statutory privilege which is granted and can be limited by the legislature. *State v. Autumn Hills Centers, Inc.,* 705 S.W.2d 181, 182 (Tex.App.-Houston [14th Dist.] 1985, no writ). Where a cause of action is created by statute, all statutory provisions are mandatory and exclusive, and must be complied with in order to sustain the action. *Harris County Dist. Attorney v. Lacafta,* 965 S.W.2d 568, 569 (Tex.App.-Houston [14th Dist.] 1997, no pet.).

 An expunction action is a special proceeding, where the court's actions are not exercised according to the course of the common law. *See Johnson v. Williams,* 24 S.W.2d 79, 80 (Tex.Civ.App.-

Eastland 1929, writ ref'd). In special proceedings, the Legislature's designation of venue is mandatory and jurisdictional. *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084, 1088 (1926), *overr. on other grounds, Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71 (Tex.2000); *see also* 2 McDonald, Texas Civil Practice § 6.17 (1992). The Legislature's designation of the county of arrest for an expunction proceeding is therefore not merely a venue provision, but is in fact a jurisdictional issue.

 In determining the jurisdiction of the trial court, the allegations of the petition made in good faith are determinative of the cause of action. *Brannon v. Pacific Emp. Ins. Co.,* 148 Tex. 289, 224 S.W.2d 466, 469 (1949). In her verified petition, Myers alleged that she was arrested in Bowie County, which was sufficient to invoke the jurisdiction of the court.

 While strict compliance with the requirements of a statutory cause of action is required, Myers properly invoked the jurisdiction of the trial court with her pleadings, and absent a challenge to the jurisdiction by the State or evidence to the contrary,[3] the trial court had jurisdiction in this case.

Appellant's point of error one is overruled.

## Proof of No Prior Felony Conviction

In the second point of error, the State contends that there was either no evidence or insufficient evidence that Myers had not been convicted of a felony in the five years preceding the date of the matter for which expunction was sought, as required by statute.

---

1. In the current version of the Code of Criminal Procedure, the appellee may file a petition either in "a district court for the county in which the person was arrested or in the county where the offense was alleged to have occurred." Tex.Code Crim. Proc. Ann. art. 55.02, § 2(a) (Vernon Supp.2000).

2. The State did not contend at trial or now that Bowie County was not the proper juris-

diction, only that Myers was required to prove that it was.

3. *See State v. Autumn Hills Centers, Inc.,* 705 S.W.2d 181, 182 (Tex.App.-Houston [14th Dist.] 1985, no writ) (where petitioners had been indicted and arrested in Galveston County, Harris County court had no jurisdiction).

In reviewing a legal sufficiency or "no evidence" point of error, the reviewing court considers only the evidence and inferences that tend to support the challenged findings and disregards all evidence and inferences to the contrary. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994). The State contends that there is no evidence to support the trial court's finding of fact number seven: "Petitioner has not been convicted of a felony offense in the five years preceding the date of her arrest."

As discussed previously, an expunction action is civil in nature and the burden is on the petitioner to affirmatively prove each of the elements of the statute. At trial neither Myers nor any other witness testified that she had not been convicted of a felony in the five years preceding her arrest.

Myers first contends that, because a previous felony conviction could have been used to enhance the felony indictments at issue here, the absence of an enhancement notice on the indictments proves that she had not been previously convicted of a felony. Myers also contends that, because the State did not ask her during cross-examination if she had previously been convicted of a felony, this also proves that she had not been convicted. Last, Myers contends that, because the trial court knew that she had been a detention officer at a juvenile detention facility, it could infer from this information that she did not have a previous felony conviction.

Myers attempts to use the absence of contrary proof to prove the existence of an element of her cause of action. Myers had the burden of proving each of the elements, and she provided no evidence to the trial court that she had not been convicted of a felony in the five years prior to her arrest.

The only possible evidence the trial court had was Myers's pleading, in which she states that she had no previous felony convictions. Generally, pleadings, even if sworn or verified, are not evidence. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer,* 904 S.W.2d 656, 660 (Tex.1995). All allegations in the petition must be proven by evidence at trial. Strict compliance with the statutory elements is required in a statutory cause of action.

Myers did not provide the trial court with any evidence that she had not been convicted of a felony in the five years prior to the arrest. Appellant's point of error two is sustained.

Because we are reversing the trial court's order granting expunction on this point, we will not address the remaining point of error.

The trial court's order granting expunction is reversed, and judgment is rendered denying expunction.