NO. 07-00-0535-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 21, 2001

_____

EX PARTE HALEY NICOLE READ

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-509,683; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In this appeal, appellant Texas Department of Public Safety (DPS) challenges an order expunging records relating to the indictment of appellee Haley Nicole Read (Read) for assault on a public official. In a single issue, the DPS contends the evidence was legally insufficient to sustain the trial court's finding that Read had not been convicted of a felony in the five years preceding the arrest for the alleged offense giving rise to the indictment. For the reasons later stated, we reverse the order of the trial court and render judgment for the DPS.

On August 16, 1999, Read was arrested for the offense of driving while intoxicated. During the course of her arrest, she apparently was engaged in conduct that gave rise to the indictment in question here. After negotiations between Read's attorney and the assistant district attorney, an agreement was arrived at that Read would plead guilty to the DWI charges and the State would not seek an indictment on the assault charge. Whether or not the police department knew of this agreement is not shown in the record. However, another assistant district attorney, who apparently had no knowledge of the agreement, obtained an indictment on the assault charge. In conformity with the earlier agreement, the first assistant district attorney obtained a dismissal of the indictment. Read then filed a sworn petition in the district court seeking expunction of the assault record pursuant to Chapter 55 of the Code of Criminal Procedure.[1] In her motion, Read alleged that she met each of the elements required under Chapter 55, including the averment that she had not been convicted of a felony in the five years preceding her arrest. Although both the Lubbock County District Attorney's office and the DPS filed answers contesting Read's quest for expunction, the district attorney's office subsequently filed an amended answer stating it would not contest Read's petition.

At the hearing, the DPS argued Read was not entitled to the expunction because the type of "mistake" about which the prosecutor testified was not one within the purview of article 55.01(a)(2)(A), which states expunction may be granted "because of mistake,

---

[1]Later references to portions of article 55.01 are to the Texas Code of Criminal Procedure (Vernon Pamph. 2001).

2

false information, or other similar reason indicating absence of probable cause." It presented the testimony of the arresting officer, who averred there was no mistake in the testimony presented before the Lubbock County grand jury. In its order granting the motion, the trial court stated it was doing so because the indictment was returned because of a mistake and Read had not been convicted of a felony within five years preceding her arrest. As relevant here, after request, the trial court entered a supporting finding of fact that Read had not been convicted of a felony within five years preceding her arrest.

As we have noted, the DPS bottoms its appeal on the contention that there was no evidence produced at the hearing supporting the finding that Read had not been convicted of a felony within the requisite five-year period. Read responds that because this complaint was not presented to the trial court, it has been waived. In support of that position, she cites and relies on Texas Rule of Appellate Procedure 33.1. That rule, in relevant part, provides that in order to preserve a question for appellate review, a clear objection must have been made at the trial level. However, we have held that no such objection is necessary to preserve a no-evidence challenge in a non-jury trial. *Letson v. Barnes*, 979 S.W.2d 414, 419 n.2 (Tex.App.--Amarillo 1998, pet. denied). *See also O'Farill Avila v. Gonzalez,* 974 S.W.2d 237, 248 (Tex.App.--San Antonio 1998, pet. denied). We continue to adhere to that holding.

The DPS concedes that our review must encompass all the evidence in the record, that review must be in a light most favorable to the prevailing party and we must indulge

3

every reasonable inference from the evidence in that party's favor. *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1987). However, the DPS emphasizes that there was absolutely no testimony produced at the hearing concerning Read's criminal history. The DPS also asserts that even though Read alleged in her petition that she had not been convicted of a felony in the previous five years and verified that allegation, that alone is not sufficient to support the trial court's finding.

In support of its contention that Read's sworn allegations were not sufficient, the DPS cites *Ex parte Myers*, 24 S.W.3d 477 (Tex.App.--Texarkana 2000, no pet.), in which the court stated, "[g]enerally, pleadings, even if sworn or verified, are not evidence." *Id.* at 481. In considering this statement, the use of the qualifier "generally" suggests that there might be some situations in which a sworn pleading might be evidence. However, in espousing its holding, the *Myers* court cited *Laidlaw Waste Systems, Inc. v. City of Wilmer*, 904 S.W.2d 656 (Tex. 1995). In *Laidlaw*, the court indicated there might be an exception to the general rule, but only if the pleading set out in "great detail" the essential facts. That limited exception would not be applicable here. Moreover, Read's petition and attached affidavit were not admitted into evidence at the motion hearing.

Read also contends that because the district attorney agreed not to contest the expunction, "it can be reasonably inferred" that she met all the statutory requirements. We do not agree. Any such inference would be no more than a surmise or suspicion of fact

4

and would be, legally, no evidence. *Texarkana Memorial Hosp., Inc. v. Murdock*, 946 S.W.2d 836, 838 (Tex. 1997).

Read next argues the DPS should be estopped from challenging her motion because both the DPS and the district attorney's office are agencies of the State and, as such, the DPS is estopped to challenge the plea agreement entered into by the district attorney's office, its fellow agency. This question was directly addressed in *State v. Brabson*, 976 S.W.2d 182 (Tex.Crim.App. 1998), in which the court held that "[t]he Texas Department of Public Safety and the Dallas County District Attorney are not the same parties." *Id.* at 184. We are bound by that decision of our criminal court of last resort and may not revisit that issue. *See also Ex parte Harrison*, No. 11-00-359-CV (Tex.App.--Eastland June 14, 2001, no pet h.).

Finally, citing *Ex parte Andrews*, 955 S.W.2d 178, 179-80 (Tex.App.--Waco 1997, no pet.), Read argues that we "should find there is some evidence of an agreement" and should remand this cause to the trial court for the receipt of additional evidence. However, in that case, the court remanded the cause to the trial court because it found affidavits submitted by the movant constituted "some" evidence of an agreement with the district attorney. It did not reach nor discuss the question whether, if there was sufficient evidence of a plea bargain with the district attorney, the DPS would be estopped from opposing the expunction. *Andrews* was decided prior to the decision in *Brabson* that the two agencies

5

were not the same parties. Thus, the *Andrews* decision is distinguishable and is not relevant to our decision.

Because there was no evidence before the trial court supporting its finding that Read had not been convicted of a felony in the previous five years, we must, and do, sustain the DPS's point. Accordingly, the order of the trial court is reversed and judgment here rendered denying Read's petition.

John T. Boyd
Chief Justice

Do not publish.

6