NO. 07-00-0535-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 21, 2001



______________________________




EX PARTE HALEY NICOLE READ



 _________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-509,683; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 In this appeal, appellant Texas Department of Public Safety (DPS) challenges an
order expunging records relating to the indictment of appellee Haley Nicole Read (Read)
for assault on a public official. In a single issue, the DPS contends the evidence was
legally insufficient to sustain the trial court's finding that Read had not been convicted of
a felony in the five years preceding the arrest for the alleged offense giving rise to the
indictment. For the reasons later stated, we reverse the order of the trial court and render
judgment for the DPS.

 On August 16, 1999, Read was arrested for the offense of driving while intoxicated. 
During the course of her arrest, she apparently was engaged in conduct that gave rise to
the indictment in question here. After negotiations between Read's attorney and the
assistant district attorney, an agreement was arrived at that Read would plead guilty to the
DWI charges and the State would not seek an indictment on the assault charge. Whether
or not the police department knew of this agreement is not shown in the record. However,
another assistant district attorney, who apparently had no knowledge of the agreement,
obtained an indictment on the assault charge. In conformity with the earlier agreement,
the first assistant district attorney obtained a dismissal of the indictment. Read then filed
a sworn petition in the district court seeking expunction of the assault record pursuant to
Chapter 55 of the Code of Criminal Procedure. (1) In her motion, Read alleged that she met
each of the elements required under Chapter 55, including the averment that she had not
been convicted of a felony in the five years preceding her arrest. Although both the
Lubbock County District Attorney's office and the DPS filed answers contesting Read's
quest for expunction, the district attorney's office subsequently filed an amended answer
stating it would not contest Read's petition.

 At the hearing, the DPS argued Read was not entitled to the expunction because
the type of "mistake" about which the prosecutor testified was not one within the purview
of article 55.01(a)(2)(A), which states expunction may be granted "because of mistake,
false information, or other similar reason indicating absence of probable cause." It
presented the testimony of the arresting officer, who averred there was no mistake in the
testimony presented before the Lubbock County grand jury. In its order granting the
motion, the trial court stated it was doing so because the indictment was returned because
of a mistake and Read had not been convicted of a felony within five years preceding her
arrest. As relevant here, after request, the trial court entered a supporting finding of fact
that Read had not been convicted of a felony within five years preceding her arrest.

 As we have noted, the DPS bottoms its appeal on the contention that there was no
evidence produced at the hearing supporting the finding that Read had not been convicted
of a felony within the requisite five-year period. Read responds that because this
complaint was not presented to the trial court, it has been waived. In support of that
position, she cites and relies on Texas Rule of Appellate Procedure 33.1. That rule, in
relevant part, provides that in order to preserve a question for appellate review, a clear
objection must have been made at the trial level. However, we have held that no such
objection is necessary to preserve a no-evidence challenge in a non-jury trial. Letson v.
Barnes, 979 S.W.2d 414, 419 n.2 (Tex.App.--Amarillo 1998, pet. denied). See also O'Farill
Avila v. Gonzalez, 974 S.W.2d 237, 248 (Tex.App.--San Antonio 1998, pet. denied). We
continue to adhere to that holding.

 The DPS concedes that our review must encompass all the evidence in the record, 
that review must be in a light most favorable to the prevailing party and we must indulge
every reasonable inference from the evidence in that party's favor. Merrell Dow
Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1987). However, the DPS
emphasizes that there was absolutely no testimony produced at the hearing concerning
Read's criminal history. The DPS also asserts that even though Read alleged in her
petition that she had not been convicted of a felony in the previous five years and verified
that allegation, that alone is not sufficient to support the trial court's finding.

 In support of its contention that Read's sworn allegations were not sufficient, the
DPS cites Ex parte Myers, 24 S.W.3d 477 (Tex.App.--Texarkana 2000, no pet.), in which
the court stated, "[g]enerally, pleadings, even if sworn or verified, are not evidence." Id.
at 481. In considering this statement, the use of the qualifier "generally" suggests that
there might be some situations in which a sworn pleading might be evidence. However,
in espousing its holding, the Myers court cited Laidlaw Waste Systems, Inc. v. City of
Wilmer, 904 S.W.2d 656 (Tex. 1995). In Laidlaw, the court indicated there might be an
exception to the general rule, but only if the pleading set out in "great detail" the essential
facts. That limited exception would not be applicable here. Moreover, Read's petition and
attached affidavit were not admitted into evidence at the motion hearing.

 Read also contends that because the district attorney agreed not to contest the
expunction, "it can be reasonably inferred" that she met all the statutory requirements. We
do not agree. Any such inference would be no more than a surmise or suspicion of fact
and would be, legally, no evidence. Texarkana Memorial Hosp., Inc. v. Murdock, 946
S.W.2d 836, 838 (Tex. 1997).

 Read next argues the DPS should be estopped from challenging her motion
because both the DPS and the district attorney's office are agencies of the State and, as
such, the DPS is estopped to challenge the plea agreement entered into by the district
attorney's office, its fellow agency. This question was directly addressed in State v.
Brabson, 976 S.W.2d 182 (Tex.Crim.App. 1998), in which the court held that "[t]he Texas
Department of Public Safety and the Dallas County District Attorney are not the same
parties." Id. at 184. We are bound by that decision of our criminal court of last resort and
may not revisit that issue. See also Ex parte Harrison, No. 11-00-359-CV (Tex.App.--Eastland June 14, 2001, no pet h.).

 Finally, citing Ex parte Andrews, 955 S.W.2d 178, 179-80 (Tex.App.--Waco 1997,
no pet.), Read argues that we "should find there is some evidence of an agreement" and
should remand this cause to the trial court for the receipt of additional evidence. However,
in that case, the court remanded the cause to the trial court because it found affidavits
submitted by the movant constituted "some" evidence of an agreement with the district
attorney. It did not reach nor discuss the question whether, if there was sufficient evidence
of a plea bargain with the district attorney, the DPS would be estopped from opposing the
expunction. Andrews was decided prior to the decision in Brabson that the two agencies
were not the same parties. Thus, the Andrews decision is distinguishable and is not
relevant to our decision.

 Because there was no evidence before the trial court supporting its finding that
Read had not been convicted of a felony in the previous five years, we must, and do,
sustain the DPS's point. Accordingly, the order of the trial court is reversed and judgment
here rendered denying Read's petition.


 John T. Boyd

 Chief Justice


Do not publish.
1. Later references to portions of article 55.01 are to the Texas Code of Criminal
Procedure (Vernon Pamph. 2001).