In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00017-CV


______________________________








EX PARTE MELONIE LYNN MYERS, Appellant








 


On Appeal from the 5th Judicial District Court


Bowie County, Texas


Trial Court No. 00C1054-005




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N



 Melonie Lynn Myers appeals from a district court order denying the expunction of criminal
records. Myers sought the expunction of records related to two felony indictments against her that
were eventually dismissed by the State. The trial court denied the expunction by its order dated
November 28, 2000, based on the Texas Department of Public Safety's (DPS) affirmative defense
of res judicata. Myers now challenges the propriety of applying res judicata to an expunction
proceeding.

 On December 10, 1997, a Bowie County grand jury returned felony indictments charging
Myers with sexual assault and indecency with a child. Both indictments were later dismissed
pursuant to motions filed by the State. The stated reason for filing of the motions to dismiss was that
the State could not locate any witnesses to testify against Myers. On September 3, 1999, the district
court granted Myers' petition for expunction of the records related to her arrest on these indictments. 
On the DPS's appeal of that decision, we reversed and rendered judgment denying expunction
because Myers failed to submit proof in the trial court, beyond the sworn pleading, that she had not
been convicted of a felony in the five years preceding her arrest. Ex parte Myers, 24 S.W.3d 477,
481 (Tex. App.-Texarkana 2000, no pet.). Myers did not seek a review of our decision through
either a motion for rehearing or a petition for review by the Texas Supreme Court. 

 In July 2000, Myers filed a second petition for expunction, naming essentially the same
parties and raising the same issues set out in her previous petition. The DPS answered, raising res
judicata as an affirmative defense. The trial court sustained the defense and denied expunction.

 Myers contends that the trial court erroneously applied the doctrine of res judicata to deny
her petition for expunction because in the prior expunction proceeding based on the same criminal
charges she failed to prove her eligibility. Because an expunction proceeding is legal in nature, and
because the DPS has met all the elements of its defense, we find that res judicata bars the relitigation
of Myers expunction request.

 Myers contends that an expunction proceeding is administrative in nature, not legal, and
therefore, the legal doctrine of res judicata does not apply. She further argues that because the
expunction statute is remedial in nature, it should be interpreted broadly so it would not bar a
subsequent petition for expunction where denial of the prior petition was for legally insufficient
evidence of the statutory prerequisites.

 The question whether res judicata applies in a given instance is a mixed question of law and
fact. When a matter involving both factual determinations and legal conclusions is decided by the
trial court, Texas appellate courts generally use an abuse of discretion standard of review. Pony
Express Courier Corp. v. Morris, 921 S.W.2d 817, 820 (Tex. App.-San Antonio 1996, no writ). In
applying this standard, we defer to the trial court's factual determinations as long as they are properly
supported by the record, and we review its legal determinations de novo. Pony Express Courier
Corp. v. Morris, 921 S.W.2d at 820 (citing Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992)). 
In this case, the parties do not dispute any factual issue. Because the only issues presented for review
involve purely legal determinations, the proper standard of review is de novo. See Walker v. Packer,
827 S.W.2d at 840.

 The doctrine of res judicata, or claims preclusion, prevents the relitigation of a claim or cause
of action that has been finally adjudicated, as well as all related matters that, with the use of
diligence, could or should have been litigated in the prior action. Barr v. Resolution Trust Corp.,
837 S.W.2d 627, 631 (Tex. 1992). The bar of a claim by res judicata requires proof of the following
elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity
of parties or those in privity with them; and (3) a second action based on the same claims that were
raised or could have been raised in the first action. Amstadt v. United States Brass Corp., 919
S.W.2d 644, 652 (Tex. 1996).

 Myers does not dispute that all three of those elements have been met here. At the hearing,
Myers stipulated that she was presenting the same issues that were presented in her prior petition for
expunction and that there was a final judgment in the prior action. The DPS introduced into
evidence without objection our opinion and mandate from Ex parte Myers, 24 S.W.3d at 477, as well
as the transcript from the hearing in the trial court in that proceeding. This evidence shows that the
same parties have been joined in this expunction petition that were joined in Myers' prior petition. 
Because all three elements have been met by competent evidence, res judicata bars the relitigation
of Myers' new expunction claim.

 Myers asks us to hold that an expunction proceeding is administrative in nature rather than
legal in nature. Expunction actions are legal proceedings that (1) are established and governed by
express statutory provisions, (2) must be filed in a specific court of law, and (3) are decided by
applying past facts to the burden of proof specified in the statute.

 Expunction is a statutory privilege that is granted by, and may be limited by, the Legislature. 
State v. Autumn Hills Ctrs., Inc., 705 S.W.2d 181, 182 (Tex. App.-Houston [14th Dist.] 1985, no
writ). Where a cause of action is created by statute, the statutory provisions must be satisfied in
order to sustain the action. Harris County Dist. Attorney v. Lacafta, 965 S.W.2d 568, 569 (Tex.
App.-Houston [14th Dist.] 1997, no pet.). A petition for expunction, under the statute in effect at
the time of Myers' arrest, must have been filed in a district court for the county in which the person
was arrested. See Ex parte Myers, 24 S.W.3d at 479. An expunction cannot be considered in any
court other than that specified in the statute, because the Legislature's designation of venue is
mandatory and jurisdictional. Id. at 480.

 An expunction action is a special proceeding where the court's actions are not exercised
according to the course of the common law, but according to the express requirements of the
statutory scheme. See Johnson v. Williams, 24 S.W.2d 79, 80 (Tex. Civ. App.-Eastland 1929, writ
ref'd). It is a civil proceeding where the burden of compliance with the statutory burden of proof
rests solely with the petitioner. Ex parte Myers, 24 S.W.3d at 480-81. It is an adversarial proceeding
in which all of the law enforcement agencies and other officials or entities that have records subject
to expunction must be named in the petition. Tex. Code Crim. Proc. Ann. art. 55.02, § 2(b)(8)
(Vernon Supp. 2002). All law enforcement agencies that may have records the petitioner wants
expunged must receive notice of, and are entitled to be represented by counsel at, the expungement
hearing. Tex. Code Crim. Proc. Ann. art. 55.02, § 2(c) (Vernon Supp. 2002). An agency
protesting the expunction may appeal the court's decision in the same manner as in other civil cases. 
Tex. Code Crim. Proc. Ann. art. 55.02, § 3(a) (Vernon Supp. 2002). Texas law governing
expunction of criminal records creates a unique situation in which all persons and agencies party to
an expunction action share not only interwoven, but identical, interests. Ex parte Elliot, 815 S.W.2d
251, 252 (Tex. 1991). Thus, a partial expunction by some, but not all, of the agencies listed in the
petition is not permitted. Id. 

 Because expunction is not a common-law right, but a statutory one, a court has no equitable
power to expand the clear meaning of the statute. Texas Dep't of Pub. Safety v. Katopodis, 886
S.W.2d 455, 458 (Tex. App.-Houston [1st Dist.] 1994, no writ); Texas Dep't of Pub. Safety v.
Wiggins, 688 S.W.2d 227, 229 (Tex. App.-El Paso 1985, no writ). It is clear that an expunction
action is a legal proceeding.

 Myers argues that if expunction were an administrative proceeding, res judicata would not
bar her subsequent expunction petition. We disagree. Even if expunction actions were
administrative proceedings, they are the type of administrative proceedings to which res judicata
applies. In support of her position, Myers cites Davenport v. State, 574 S.W.2d 73 (Tex. Crim. App.
1978), and Bryant v. L.H. Moore Canning Co., 509 S.W.2d 432 (Tex. App.-Corpus Christi 1974,
no writ). The Bryant court pointed out, however, that the principles of res judicata apply in certain
types of administrative actions. Bryant v. L.H. Moore Canning Co., 509 S.W.2d at 434 (citing R.R.
Comm'n v. Phillips, 364 S.W.2d 408 (Tex. Civ. App.-Austin 1963, no writ)). The nature of the
action is the controlling factor in determining whether res judicata applies to an administrative
decision. 

 In judicial proceedings, courts apply law to past facts that remain static. On the other hand,
administrative bodies are concerned with fluid facts and changing policies. Killingsworth v. Broyles,
300 S.W.2d 164, 165 (Tex. Civ. App.-Austin 1957, no writ). From the nature of an expunction
proceeding, even if we assume that it is an administrative proceeding, it is the type of administrative
proceeding in which res judicata would apply to bar relitigation of Myers' subsequent petition.

 Myers argues that res judicata does not apply to decisions of courts performing administrative
functions, citing Davenport v. State, 574 S.W.2d at 432, and Burrows v. Texas Dep't of Pub. Safety,
740 S.W.2d 19 (Tex. App.-Dallas 1987, no writ.). The Burrows court held that a plea of guilty to
a driving while intoxicated charge did not bar an administrative license revocation hearing, pursuant
to the authority of Tex. Rev. Civ. Stat. Ann. art. 6687b, § 22 (Vernon 1977). The situation in
Burrows is not present in this case. There were two separate proceedings of different types and
undertaken pursuant to different statutory provisions. The administrative proceedings under Section
22 of Article 6687b are essentially civil in nature and are not criminal prosecutions. Burrows v.
Texas Dep't of Pub. Safety, 740 S.W.2d at 20 (citing Texas Dep't of Pub. Safety v. Casselman, 417
S.W.2d 146, 147 (Tex. 1967)). Such a proceeding is separate and distinct from a criminal
prosecution for driving while intoxicated. It does not involve the same parties, because the district
attorney's office, charged with prosecuting the offense, has no right to appear at the license
revocation hearing. Nor does the DPS have a right to be represented at the criminal trial of a driving
while intoxicated charge. Furthermore, Burrows relies entirely on Davenport for the proposition that
res judicata does not apply to administrative proceedings. Burrows v. Texas Dep't of Pub. Safety,
740 S.W.2d at 21. The court in Davenport stated that a community supervision revocation hearing
was administrative in nature, and only for that reason held that res judicata did not operate to bar the
state's subsequent motion to revoke community supervision. (1) Davenport v. State, 574 S.W.2d at 76.

 In Ex parte Tarver, the court reached the opposite conclusion than in Davenport. Ex parte
Tarver, 725 S.W.2d 195, 197 (Tex. Crim. App. 1986). The Tarver court held that the doctrine of
collateral estoppel barred the state from prosecuting the appellant for assault after the state failed to
prove the same allegation in a probation revocation hearing. Collateral estoppel (2)
 means that when
an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot
again be litigated between the same parties in any future lawsuit. Ex parte Tarver, 725 S.W.2d at
198 (quoting Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469, 475 (1970)). The
court expressly disagreed with the decision in Davenport. Id. at 199. The court noted that a
community supervision revocation hearing involves a trial court acting as finder of fact, after a full
hearing on an issue at which both the state and an accused are represented by counsel, and to that
extent the court is "acting in a judicial capacity." Id. Accordingly, even if expunction proceedings
were administrative rather than legal, the fact that they take place in a district court, with a trial judge
acting as fact finder, with a full hearing at which all parties have the right to be represented by
counsel, demonstrates that the expunction court is acting in a judicial capacity.

 For the reasons stated, we affirm the judgment of the trial court.



 William J. Cornelius

 Chief Justice


Date Submitted: January 3, 2002 

Date Decided: January 24, 2002


Publish
1. The State's second motion to revoke probation, filed six weeks after the first was denied, 
alleged the same factual bases as ground for revocation that were alleged in the first motion to
revoke. Davenport v. State, 574 S.W.2d 73, 74 (Tex. Crim. App. 1978).
2. Collateral estoppel is issue preclusion, while res judicata is claims preclusion. See Coalition
of Cities for Affordable Util. Rates v. Public Util. Comm'n, 798 S.W.2d 560, 562-63 (Tex. 1990)
(explaining when the doctrines of res judicata and collateral estoppel bar relitigation of claims or
issues).




e expected to perform until Patel gave instructions at each stage of progress. Patel
was on the premises the entire time Julian was working. Patel not only directed each of Julian's
activities, he was working jointly with Julian at the time Julian was injured. There is evidence
showing that Julian acted as Patel's employee, because Patel had the right to control the progress,
details, and methods of operation of Julian's work. See Thompson v. Travelers Indem. Co. of Rhode
Island, 789 S.W.2d 277, 278 (Tex. 1990). The facts on the degree of control exercised are disputed,
and resolution of this factual dispute will determine whether Patel or Super Tint owed a duty of
reasonable care to Julian. Taking all inferences in favor of Julian, Patel exercised sufficient control
over the activities of Julian to subject Patel to liability as a master or employer. We must, for the
purpose of summary judgment, consider Julian to be an employee of Super Tint. (1) 

 Appellees have failed to demonstrate their right to summary judgment under Rule 166a(c)
because they have not conclusively proven Julian was an independent contractor. They have thus
failed to establish that Julian was required to provide all necessary equipment or that Julian had
exclusive control over the means of performing the work. This ground of the summary judgment
also fails to provide an adequate basis for the trial court's judgment.

 Patel and Super Tint also argue in the alternative that even if some duty existed, they had no
duty to act affirmatively and that liability cannot be predicated on 1) failure to provide equipment
to Julian for use in performing the work requested, or 2) failure to provide instructions to Julian
about how to do the work. These contentions are incorrect. In Texas, an employer has a
"nondelegable and continuous" duty to an employee to provide adequate help in performance of the
work assignment. Harrison v. Oliver, 545 S.W.2d 229 (Tex. Civ. App.-Houston [1st Dist.] 1976,
writ dism'd). The employer has a similar duty to provide the employee with safe instrumentalities
and tools, and to provide a safe place to work. Id. at 230 (citing W. Union Tel. Co. v. Coker, 146
Tex. 190, 204 S.W.2d 977 (1947)); Fort Worth Elevators Co. v. Russell, 123 Tex. 128, 70 S.W.2d
397, 401 (1934); Otis Elevator Co. v. Joseph, 749 S.W.2d 920, 926 (Tex. App.-Houston [1st Dist.]
1988, no writ). Appellees' position can only be maintained if Julian was an independent contractor
rather than an employee. In support of this position, they argue there is evidence tending to show
that Julian was acting as an independent contractor. This argument fails to grasp the relevant
standard. Appellees have the burden to conclusively prove, as a matter of law, their right to
summary judgment. All inferences at the summary judgment stage must be taken in favor of Julian. 
The only permissible inference under the relevant legal standard is that Julian was an employee of
Super Tint. See Nixon, 690 S.W.2d at 549. Appellees alleged failures to act could give rise to
liability. Appellees failed to prove they were entitled to summary judgment on this ground.

 Appellees also contended that the alleged failures to act did not proximately cause the injuries
sustained by Julian. Proximate cause is generally a mixed question of law and fact for the jury to
determine. Ely v. Gen. Motors Corp., 927 S.W.2d 774, 781 (Tex. App.-Texarkana 1996, writ
denied). A lack of proximate cause, however, may be established as a matter of law where the
circumstances are such that reasonable minds could not arrive at a different conclusion. See Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991); Ely, 927 S.W.2d at 781. Proximate cause
consists of both cause in fact and foreseeability. Union Pump Co. v. Allbritton, 898 S.W.2d 773, 775
(Tex. 1995); Travis v. City of Mesquite, 830 S.W.2d 94, 98 (Tex. 1992). Cause in fact means that
the defendant's act or omission was a substantial factor in bringing about the injury, without which
the injury would not have otherwise occurred. Allbritton, 898 S.W.2d at 775; Prudential Ins. Co.
of Am. v. Jefferson Assocs., Ltd., 896 S.W.2d 156, 161 (Tex. 1995). Cause in fact is limited by
foreseeability: whether the actor, as a person of ordinary intelligence, should have anticipated the
dangers his negligent act created for others. Travis, 830 S.W.2d at 98; Nixon, 690 S.W.2d at 549-50. 
Foreseeability does not require that the actor anticipate the precise manner in which the injury will
occur, but only the general character of the injury. Travis, 830 S.W.2d at 98; El Chico Corp. v.
Poole, 732 S.W.2d 306, 313 (Tex. 1987); Nixon, 690 S.W.2d at 550.

 It is undisputed that Patel instructed Julian to help move the glass and that Patel directed and
participated in the actual moving of the glass. Julian provided evidence that Patel failed to provide
any safety instructions, gloves, or other equipment related to handling the glass and that Super Tint
in fact did not have any such procedures or equipment. Patel further admitted he did not know how
to safely handle glass of this type. Julian also provided evidence that Patel failed to look to see
whether Julian had a good grip before lifting the glass and that Patel lifted the glass before Julian,
in fact, had a good grip. It is foreseeable that improperly handled glass may break and that broken
glass may cause injuries such as the lacerations suffered by Julian. It is also foreseeable that proper
safety equipment and procedures could help avoid injuries such as those suffered by Julian. We have
already determined for the purposes of this appeal that appellees owed a duty of reasonable care to
Julian. Appellees failed to conclusively establish, as a matter of law, that the omissions alleged did
not proximately cause Julian's injuries. See Tex. R. Civ. P. 166a(c). 

 The sole remaining ground on which the traditional summary judgment motion could have
been properly granted applies to Patel individually, but not to Super Tint. Under the traditional Rule
166a(c) summary judgment standard, Patel contends he is immune from suit for his personal acts of
negligence because he was acting in his capacity as a corporate officer, his acts were for the benefit
of the corporation, and the incident occurred on corporate property. Patel bears the burden to prove
conclusively there is no genuine issue of material fact and he is entitled to summary judgment on this
issue as a matter of law. Tex. R. Civ. P. 166a(c). Patel and Super Tint have admitted, in their joint
Motion for Summary Judgment, that Patel was acting within the scope of his employment as an
agent of Super Tint. This is sufficient to establish that Super Tint will be vicariously liable for
Patel's negligent acts. Patel correctly points out he cannot be held personally liable for acts of the
corporation. See, e.g., Menetti v. Chavers, 974 S.W.2d 168, 171 (Tex. App.-San Antonio 1998, no
pet.). Patel is also immune from personal liability where the duty breached is charged only to the
corporate entity, such as the duty to provide a safe workplace. See Leitch v. Hornsby, 935 S.W.2d
114, 117 (Tex. 1996). 

 Neither of these rules shield Patel from his own acts of negligence toward another. A
corporate officer or agent can be liable to others, including other company employees, for his or her
own negligence. Individual liability arises only when the officer or agent owes an independent duty
of reasonable care to the injured party apart from the employer's duty. Id. As the Texas Supreme
Court noted, 

 [A]n agent whose negligence causes an auto accident may be held individually liable
along with his or her employer when driving in the course and scope of employment. 
See Schneider v. Esperanza Transmission Co., 744 S.W.2d 595, 596-97 (Tex. 1987)
(liability for negligent entrustment "rests upon the combined negligence of the owner
[employer] . . . and negligence of the driver"); Le Sage v. Pryor, 137 Tex. 455, 154
S.W.2d 446, 448 (Tex. Comm'n App. 1941) (employer and employee subject to
liability for auto accident). Because the agent owes a duty of reasonable care to the
general public regardless of whether the auto accident occurs while driving for the
employer, individual liability may attach. See Schneider, 744 S.W.2d at 596-97.


Id.


 Patel has admitted directing the activities of Julian with respect to moving the glass. Patel
further admitted he was lifting the glass at the time Julian was injured. Julian has alleged that Patel
was negligent in the manner in which he handled the piece of glass and that this act caused Julian's
injuries. By participating in the act of moving the glass, Patel owed an independent duty of
reasonable care to Julian, apart from his duty as Julian's employer.

 Patel broadly asserted summary judgment was proper because none of his actions gave rise
to personal liability. Patel bears the burden to prove conclusively that there is no genuine issue of
material fact and that he is entitled to summary judgment on this issue as a matter of law. Tex. R.
Civ. P. 166a(c). Since the summary judgment evidence shows that at least one of his actions could
give rise to personal liability, Patel was not entitled to summary judgment on this ground.

 Finding none of the grounds in appellees' traditional Motion for Summary Judgment to be
meritorious, we cannot affirm the trial court's judgment on the bases presented therein. See State
Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993). 

No-Evidence Motion for Summary Judgment

 Appellees asserted under Rule 166a(i) there was no evidence on the elements of duty or
proximate cause. A no-evidence summary judgment is improperly granted if nonmovant produces
more than a scintilla of evidence raising a genuine issue of material fact on all challenged elements
of his claim. Tex. R. Civ. P. 166a(i); see also Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000)
(citing Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex.
App.-Houston [1st Dist.] 1999, no pet.)). We consider the evidence in the light most favorable to
the nonmovant. Morgan, 27 S.W.3d at 929.

 Appellees moved for summary judgment under Rule 166a(i), contending 1) there was no
evidence appellees controlled Julian's work such that they owed him any duty, and 2) there was no
evidence appellees engaged in any affirmative conduct which proximately caused the incident. 
Julian bears the burden of bringing forward more than a scintilla of evidence that raises an issue of
material fact on the duty owed to him and breach of that duty. Tex. R. Civ. P. 166a(i). As shown
above, there is more than a scintilla of evidence that raises fact issues with respect to both the duty
and proximate cause elements. Julian has met his burden to defeat appellees' no-evidence motion
on both the duty and proximate cause issues. Appellees' no-evidence motion cannot serve as a
proper basis for summary judgment.



CONCLUSION

 No ground in the appellees' summary judgment motion was meritorious. Julian produced
sufficient summary judgment evidence on the issues of duty, breach, and proximate cause to defeat
the no-evidence grounds of the motion. Patel failed to prove he was shielded from liability by his
status as a corporate employee. Patel and Super Tint failed to prove Julian was an independent
contractor. Neither Patel nor Super Tint demonstrated they were entitled to summary judgment as
a matter of law. 

 The judgment of the trial court is reversed, and the cause is remanded for further proceeding.




 Ben Z. Grant

 Justice


Date Submitted: February 28, 2002

Date Decided: June 14, 2002


Do Not Publish
1. Even if we were to conclude Julian was an independent contractor, that would not end the
inquiry as to whether a duty existed. An employer may still owe a duty to independent contractors
and the independent contractors' employees to the extent that the employer retains control over some
aspect or aspects of work progress. As the Texas Supreme Court observed,


 One who entrusts work to an independent contractor, but who retains the control of
any part of the work, is subject to liability for physical harm to others for whose
safety the employer owes a duty to exercise reasonable care, which is caused by his
failure to exercise his control with reasonable care. 


Redinger v. Living, Inc., 689 S.W.2d 415, 418 (Tex. 1985) (quoting and adopting rule announced
in Restatement (Second) of Torts § 414 (1977)). This rule applies where the employer retains
less control than would subject him to liability as a master. Redinger, 689 S.W.2d at 418 (citing
Restatement (Second) of Torts § 414, comments a and c (1965)).