![Seal of the Attorney General of Texas]

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

June 10, 2005

Mr. Carl V. Reynolds
Administrative Director
Office of Court Administration
205 West 14th Street, Suite 600
Austin, Texas 78711-2066

Opinion No. GA-0330

Re: Proper fee for filing a petition for an order of nondisclosure of certain criminal records regarding persons placed on deferred adjudication community supervision, and the authority of courts without general civil jurisdiction to entertain such a petition (RQ-0297-GA)

Dear Mr. Reynolds:

Your predecessor, Ms. Alicia G. Key, inquired about the proper fee for filing a petition for an order of nondisclosure of certain criminal records regarding persons placed on deferred adjudication community supervision and about the authority of courts without general civil jurisdiction to entertain such a petition.[1]

Your request largely concerns section 411.081(d)-(h) of the Government Code, which provides the procedure for obtaining an order of nondisclosure. *See* TEX. GOV'T CODE ANN. § 411.081(d)-(h) (Vernon 2005). After receiving your request, during the recent legislative session, House Bills 413 and 3093 passed both the House and Senate and will amend section 411.081. House Bill 413 has been signed by the Governor and will be effective September 1, 2005. *See* Act of May 12, 2005, 79th Leg., R.S., H.B. 413, § 3 (to be codified at TEX. GOV'T CODE ANN. § 411.081(g)-(g-1)). House Bill 3093 is enrolled and with the Governor's approval will also become effective September 1, 2005. *See* Act of May 27, 2005, 79th Leg., R.S., H.B. 3093, § 3 (to be codified at TEX. GOV'T CODE ANN. § 411.081(d), (g)-(g-2)). We will address your request first considering section 411.081 as it is currently written.

Section 411.081(d)-(h) of the Government Code allows persons who successfully complete deferred adjudication to petition a court for an order of nondisclosure of the person's criminal history record information about the offense that led to the deferred adjudication. TEX. GOV'T CODE ANN. § 411.081(d)-(h) (Vernon 2005). Under section 411.081(d), such a person may file the petition in

---

[1]*See* Letter from Ms. Alicia G. Key, Administrative Director, Office of Court Administration, to Honorable Greg Abbott, Texas Attorney General (Nov. 30, 2004) (on file with Opinion Committee, *also available* at www.oag.state.tx.us) [hereinafter Request Letter].

the court that originally ordered deferred adjudication "on payment of a $28 fee to the clerk of the court." *Id.* § 411.081(d). As currently written, the statute does not specifically state whether any other fee may be assessed or collected.

One of the duties of the Director of the Office of Court Administration (the "OCA") is to consult with and assist court clerks. *See id.* § 72.023(c). Several clerks have turned to the OCA for advice about the fee they should charge for a petition of nondisclosure. Request Letter, *supra* note 1, at 1. Some have charged only the $28 fee expressly mentioned in section 411.081(d). *Id.* Others have treated the petition as an initial pleading in a civil proceeding, charging "all of the filing fees that are charged in a regular civil case" in addition to the $28 fee. *Id.* at 2. Your office's first question requires a construction of section 411.081(d) with respect to the proper fee for filing a petition for an order of nondisclosure. The primary goal of statutory construction is to ascertain and give effect to legislative intent. *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). *See In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001). We look first to the statute's words, attempting to ascertain their plain and common meaning. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). If a statute is unambiguous we generally interpret it according to its plain meaning. *Id.*

Section 411.081 is located in chapter 411, subchapter F of the Government Code, which generally regulates use, access, and dissemination of criminal history record information. *See* TEX. GOV'T CODE ANN. §§ 411.081-.1405 (Vernon 2005). The Legislature added section 411.081(d)-(h) to the Government Code in 2003 with the passage of Senate Bill 1477. Act of May 31, 2003, 78th Leg., R.S., ch. 1236, § 4, 2003 Tex. Gen. Laws 3499, 3500-01 ("Senate Bill 1477" or the "Act"). Legislative intent is determined by examining an act in its entirety. *See City of San Antonio*, 111 S.W.3d at 25. Accordingly, we review Senate Bill 1477's pertinent provisions, beginning with its addition of section 411.081(d)-(h) of the Government Code.

Section 411.081(d) provides that a person who was placed on deferred adjudication community supervision, has received a discharge and dismissal, and has satisfied certain other requirements may petition for an order of nondisclosure of certain records:

> [Such a] person may petition the court that placed the defendant on deferred adjudication for an order of nondisclosure under this subsection. After notice to the state and a hearing on whether the person is entitled to file the petition and issuance of the order is in the best interest of justice, the court shall issue an order prohibiting criminal justice agencies from disclosing to the public criminal history record information related to the offense giving rise to the deferred adjudication. A criminal justice agency may disclose criminal history record information that is the subject of the order [for certain law enforcement and related purposes]. A person may petition the court for an order of nondisclosure on payment of a $28 fee to the clerk of the court. The payment may be made only on or after:

> > (1) the discharge and dismissal, if the offense for which the person was placed on deferred adjudication was a misdemeanor other than a misdemeanor described by Subdivision (2);
> >
> > (2) the fifth anniversary of the discharge and dismissal, if the offense for which the person was placed on deferred adjudication [involved certain misdemeanors]; or
> >
> > (3) the 10th anniversary of the discharge and dismissal, if the offense for which the person was placed on deferred adjudication was a felony.

TEX. GOV'T CODE ANN. § 411.081(d) (Vernon 2005).[2] Subsection (g) requires the clerk to send a copy of a nondisclosure order to the Department of Public Safety (the "DPS"). *Id.* § 411.081(g). The DPS then must send the order to various governmental entities related to law enforcement. *Id.* Under subsection (h), the clerk must report and remit the filing fee to the comptroller, who must deposit all fees in the general revenue fund. *Id.* § 411.081(h).

In Senate Bill 1477, the Seventy-eighth Legislature also amended chapter 552 of the Government Code to exempt records subject to an order of nondisclosure from the disclosure requirements of the Public Information Act. *Id.* § 552.142(a) (Vernon 2004). Additionally, persons receiving a nondisclosure order are permitted to deny their arrest and prosecution reflected in the records subject to the order except in subsequent criminal proceedings. *Id.* § 552.142(b). Private entities who use records subject to a nondisclosure order to compile or disseminate criminal history for compensation are liable to the state for a civil penalty. *Id.* § 552.1425.

Focusing specifically on the statute's provision for assessing a fee, section 411.081(d) does not expressly prohibit other fees, as the legislature has sometimes done in other statutes. *Compare id.* § 411.081(d) (Vernon 2005), *with* TEX ALCO. BEV. CODE ANN. § 61.31(c) (Vernon Supp. 2004-05) (stating that an applicant for certain licenses shall pay a $5 hearing fee and "is liable for no other fee other than the annual license fee"), *and* TEX. FAM. CODE ANN. § 110.002(b) (Vernon Supp. 2004-05) (stating that clerk may collect $15 fee for filing certain suits, petitions or motions involving parent-child relationship, but "[n]o other filing fee may be collected or required" for such actions). Nevertheless, section 411.081(d) expressly states that the petition may be filed on payment of $28 to the clerk. TEX. GOV'T CODE ANN. § 411.081(d) (Vernon 2005). From the statute's plain language, a clerk may not condition filing the petition on the payment of any fee other than the $28 fee expressly mentioned in the statute.

Furthermore, while section 411.081(d) precludes a clerk from requiring additional fees before filing the petition, other statutes preclude a clerk from assessing original civil petition filing fees for collection at a later time. A clerk must collect the clerk's fee for filing an original petition at the time

---

[2]*But see* Act of May 27, 2005, 79th Leg., R.S., H.B. 3093, § 3 (to be codified at TEX. GOV'T CODE ANN. § 411.081(d)) (Enrolled, awaiting Governor's approval).

a suit or action is filed. *Id.* § 51.317(a) (fee for district clerk's services must be collected at the time a civil action or suit is filed); TEX. LOC. GOV'T CODE ANN. § 118.053(a)-(b) (Vernon 1999) (county clerk's fee for filing original action in a county civil court is due at the time the cause is filed). Other fees are also collected at the time a civil suit or action is filed. *See, e.g.*, TEX. GOV'T CODE ANN. § 51.317(b)(4) (Vernon 2005) (records management and preservation fee); TEX. LOC. GOV'T CODE ANN. § 291.008 (Vernon 1999) (optional courthouse security fee in civil cases). These statutes, in conjunction with section 411.081(d), do not allow a clerk to assess filing fees in addition to the $28 fee either at the time of filing or later. Had the legislature intended to allow clerks to assess or collect other filing fees, it could have written section 411.081(d) to say so. We conclude that the plain language of section 411.081(d) does not authorize any fees for filing the petition other than the statute's $28 fee.

Generally we construe an unambiguous statute as written. *McIntyre*, 109 S.W.3d at 745. The Texas Supreme Court has indicated that only "exceptional circumstances" might warrant construing an unambiguous statute other than as written. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999). The Request Letter directs our attention to an entry in the House Journal for the Seventy-eighth Legislative Session regarding fees charged for filing a petition for an order of nondisclosure:

### STATEMENT OF LEGISLATIVE INTENT

A petition filed pursuant to the terms of this act should be filed as an ex parte petition on the civil docket of the court that originally granted the deferred adjudication. In addition to the $28.00 fee specified in the bill, the clerk should also assess the same fees that would otherwise apply to the filing of a civil petition.

Terry Keel, Chair
House Committee on Criminal Jurisprudence

H.J. of TEX., 78th Leg., R.S., 4586 (2003) (the "journal entry"). The journal entry clearly reflects the representative's understanding that the bill would authorize fees for filing an original petition in a civil matter in addition to the $28 fee. However, neither the journal entry nor its content was discussed during floor debates in the House on the date of the journal entry, nor were comparable statements made in subsequent Senate floor debates. *See* Debate on Tex. S.B. 1477 on the Floor of the House, 78th Leg., R.S. (May 28, 2003) (tape available from House Video/Audio Services); Debate on Tex. S.B. 1477 on the Floor of the Senate, 78th Leg., R.S. (May 31, 2003) (tape available from Senate Staff Services Office). In contrast to the journal entry, the bill analysis and the fiscal note issued for Senate Bill 1477 as enrolled both contemplate only the $28 fee. SENATE COMM. ON CRIM. JUSTICE, BILL ANALYSIS, Tex. S.B. 1477, 78th Leg., R.S. (2003) (stating that petition may be filed upon payment of $28 fee); FISCAL NOTE, Tex. S.B. 1477, 78th Leg., R.S. (2003) (mentioning only the $28 fee in assessing state and local fiscal impact). We do not believe that the legislative history of section 411.081(d) reveals "extraordinary circumstances" that would compel construing section 411.081(d) other than as written. *See Fitzgerald*, 996 S.W.2d at 865-66. As section

411.081(d) currently provides, a clerk may not condition the filing of a petition for an order of nondisclosure upon payment of a fee other than the $28 fee expressly authorized by the section.

However, as stated earlier, during the recent legislative session both houses passed House Bill 3093, which will revise section 411.081(d) provided it receives the Governor's approval. House Bill 3093 expressly authorizes a clerk to collect not only the $28 fee, but also "any other fee that generally applies to the filing of a civil petition." *See* Act of May 27, 2005, 79th Leg., R.S., H.B. 3093, § 3 (to be codified at TEX. GOV'T CODE ANN. § 411.081(d)). The effective date of House Bill 3093 is September 1, 2005. *Id.* § 6. Consequently, assuming House Bill 3093 receives the Governor's approval, as of September 1, 2005, a clerk may require payment of a $28 fee in addition to other fees generally applicable to the filing of a civil petition to file a petition for an order of nondisclosure.

Your office's second question about the proper court to entertain a petition for an order of nondisclosure is based on the presumption that section 411.081(d) proceedings might be classified as civil in nature. The statute states that the petition is to be filed in the court that ordered deferred adjudication originally. TEX. GOV'T CODE ANN. § 411.081(d) (Vernon 2005). However, a number of the courts that may order deferred adjudication have only criminal jurisdiction. *See, e.g., id.* §§ 25.0633(c) (Denton County Court at Law No. 1 does not have civil jurisdiction other than in juvenile matters), 25.0634(b) (Denton County Criminal Court does not have civil jurisdiction), 25.2223(a) (Tarrant County Criminal Court does not have civil jurisdiction) (Vernon 2004). Your office asks where the petition for an order of nondisclosure should be filed when the court that originally ordered deferred adjudication does not have general civil jurisdiction.

Regardless of whether the proceeding may have some civil attributes, section 411.081(d) expressly requires the court that originally ordered deferred adjudication to hear the petition and, if appropriate, issue the order for nondisclosure. *Id.* § 411.081(d) (Vernon 2005). Such a court necessarily has jurisdiction to entertain the person's petition for nondisclosure under section 411.081(d), regardless of the court's usual jurisdiction. *See Ex parte Myers*, 24 S.W.3d 477, 480 (Tex. App.–Texarkana 2000, no pet.) (trial court jurisdiction in special statutory proceedings is determined according to terms of the statute).

## S U M M A R Y

Currently, a clerk may not condition the filing of a petition for an order of nondisclosure upon payment of a fee other than the $28 fee expressly authorized by section 411.081(d) of the Government Code. The court that placed a person on deferred adjudication community supervision has jurisdiction to entertain the person's petition for nondisclosure under section 411.081(d).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee