Opinion by Justice Burgess
On April 18, 2017, Terry Lynn Ammons filed a petition for expunction of all records *237 and files relating to a dismissed charge for alleged aggravated assault with a deadly weapon filed after his arrest in Rusk County, Texas, on June 25, 2016. The expunction was granted on June 15, 2017. The Texas Department of Public Safety (DPS) brings this restricted appeal of the trial court's order of expunction and argues, among other things, that the case must be reversed because the expunction statute required three years to elapse before Ammons was eligible for an expunction. Because we agree, we reverse the trial court's order of expunction and render judgment denying Ammons' petition for expunction.
I. Standard of Review
Since the DPS is attacking the trial court's judgment by restricted appeal, it must establish that:
"(1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record."
Ins. Co. of State of Pa. v. Lejeune , 297 S.W.3d 254, 255 (Tex. 2009) (per curiam) (quoting Alexander v. Lynda's Boutique , 134 S.W.3d 845, 848 (Tex. 2004) ); see TEX. R. APP. P. 26.1(c), 30.
The clerk's record established that the DPS timely brought its restricted appeal, was a party to Ammons' expunction, did not participate in the hearing that resulted in the judgment, and did not file any timely post-judgment motions. See Ex parte Locke , No. 06-07-00105-CV, 2008 WL 850153, at *1 (Tex. App.-Texarkana Mar. 28, 2008, no pet.) (mem. op.). Thus, we address whether error is apparent on the face of the record.
II. Error is Apparent on the Face of the Record
"The purpose of the expunction statute is to allow an individual who has been wrongfully arrested to expunge the records of that arrest." Ex parte Myers , 24 S.W.3d 477, 480 (Tex. App.-Texarkana 2000, no pet.). However, the "right to expunction is neither a common law nor a constitutional right," but is instead "a statutory privilege which is granted and can be limited by the legislature." Id. The expunction statute, Article 55.01 of the Texas Code of Criminal Procedure, sets forth the requirements necessary to obtain the statutory privilege of expunction. TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2017). In pertinent part, the version of Article 55.01 applicable to this case provided:
(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
....
(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor, provided that:
(A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with ... the commission of any felony offense arising out of the same transaction for which the person was arrested:
*238 (i) has not been presented against the person at any time following the arrest, and:
....
(c) at least three years have elapsed from the date of arrest if the arrest for which the expunction was sought was for an offense punishable as a felony....
Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 2.23, 2015 Tex. Gen. Laws 2321, 2373-74 (amended 2017) (current version at TEX. CODE CRIM. PROC. art. 55.01(a)(2)(A)(i)(c) ).
Prior to the trial court's June 15, 2017, order expunging records of the June 25, 2016, arrest, the DPS had filed an answer arguing that Ammons could not expunge records of the arrest because neither the waiting period nor the statute of limitations had expired. See itation index="6" url="https://cite.case.law/citations/?q=2015%20Tex.%20Gen.%20Laws%202321">id. ; TEX. CODE CRIM. PROC. ANN. art. 12.01(7) (West Supp. 2017). After notice to all parties, including the DPS, the trial court held a hearing on Ammons' petition. Although the DPS did not appear at the hearing, the trial court heard evidence confirming that three years had not elapsed from the date of the arrest, and the court was aware that the charge against Ammons was an offense punishable as a second degree felony.[1]
"Where a cause of action is created by statute, all statutory provisions are mandatory and exclusive, and must be complied with in order to sustain the action." Myers , 24 S.W.3d at 480 ; see Ex parte M.G. , No. 10-13-00021-CV, 2013 WL 3972225, at *1 (Tex. App.-Waco Aug. 1, 2013, no pet.) (mem. op.) ("The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error when it fails to comply.") (citing Ex parte Stiles , 958 S.W.2d 414, 418 (Tex. App.-Waco 1997, pet. denied) ).
Because the record established that Ammons was not entitled to an expunction, we sustain the DPS' point of error.
III. Conclusion
We reverse the trial court's order and render judgment denying Ammons' petition for expunction.

The DPS also argued that the evidence was insufficient to establish that Ammons was entitled to an expunction. Under other provisions of Article 55.01, Ammons could be eligible for an expunction within the three-year period if (1) he was tried for the offense and either acquitted or subsequently pardoned (2) or the indictment was dismissed or quashed because (a) he completed a pretrial intervention program; (b) the presentment was made by mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense; (c) the indictment or information was void; or (d) prosecution was no longer possible because limitations had expired. See Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 2.23, 2015 Tex. Gen. Laws 2321, 2373-74 (amended 2017). Here, Ammons never argued that any of these provisions applied. Further, there was no evidence that Ammons was eligible for an expunction under any subsection of Article 55.01 other than the former version of Article 55.01(a)(2)(A)(i)(c). See id.