**Ex Parte Melonie Lynn MYERS, Appellant.**

No. 06–01–00017–CV.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 3, 2002.

Decided Jan. 24, 2002.

Clifton L. "Scrappy" Holmes, Longview, for appellant.

Philip L. Cline, Expunction Attorney, Texas DPS, Austin, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Melonie Lynn Myers appeals from a district court order denying the expunction of criminal records. Myers sought the expunction of records related to two felony indictments against her that were eventually dismissed by the State. The trial court denied the expunction by its order dated November 28, 2000, based on the Texas Department of Public Safety's (DPS) affirmative defense of res judicata. Myers now challenges the propriety of applying res judicata to an expunction proceeding.

On December 10, 1997, a Bowie County grand jury returned felony indictments charging Myers with sexual assault and indecency with a child. Both indictments were later dismissed pursuant to motions filed by the State. The stated reason for filing of the motions to dismiss was that the State could not locate any witnesses to testify against Myers. On September 3, 1999, the district court granted Myers' petition for expunction of the records related to her arrest on these indictments. On the DPS's appeal of that decision, we reversed and rendered judgment denying expunction because Myers failed to submit proof in the trial court, beyond the sworn plead-

ing, that she had not been convicted of a felony in the five years preceding her arrest. *Ex parte Myers,* 24 S.W.3d 477, 481 (Tex.App.-Texarkana 2000, no pet.). Myers did not seek a review of our decision through either a motion for rehearing or a petition for review by the Texas Supreme Court.

In July 2000, Myers filed a second petition for expunction, naming essentially the same parties and raising the same issues set out in her previous petition. The DPS answered, raising res judicata as an affirmative defense. The trial court sustained the defense and denied expunction.

Myers contends that the trial court erroneously applied the doctrine of res judicata to deny her petition for expunction because in the prior expunction proceeding based on the same criminal charges she failed to prove her eligibility. Because an expunction proceeding is legal in nature, and because the DPS has met all the elements of its defense, we find that res judicata bars the relitigation of Myers expunction request.

Myers contends that an expunction proceeding is administrative in nature, not legal, and therefore, the legal doctrine of res judicata does not apply. She further argues that because the expunction statute is remedial in nature, it should be interpreted broadly so it would not bar a subsequent petition for expunction where denial of the prior petition was for legally insufficient evidence of the statutory prerequisites.

The question whether res judicata applies in a given instance is a mixed question of law and fact. When a matter involving both factual determinations and legal conclusions is decided by the trial court, Texas appellate courts generally use an abuse of discretion standard of review. *Pony Express Courier Corp. v. Morris,*

921 S.W.2d 817, 820 (Tex.App.-San Antonio 1996, no writ). In applying this standard, we defer to the trial court's factual determinations as long as they are properly supported by the record, and we review its legal determinations de novo. *Pony Express Courier Corp. v. Morris,* 921 S.W.2d at 820 (citing *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992)). In this case, the parties do not dispute any factual issue. Because the only issues presented for review involve purely legal determinations, the proper standard of review is de novo. *See Walker v. Packer,* 827 S.W.2d at 840.

■ The doctrine of res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as all related matters that, with the use of diligence, could or should have been litigated in the prior action. *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 631 (Tex.1992). The bar of a claim by res judicata requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Amstadt v. United States Brass Corp.,* 919 S.W.2d 644, 652 (Tex.1996).

■ Myers does not dispute that all three of those elements have been met here. At the hearing, Myers stipulated that she was presenting the same issues that were presented in her prior petition for expunction and that there was a final judgment in the prior action. The DPS introduced into evidence without objection our opinion and mandate from *Ex parte Myers,* 24 S.W.3d at 477, as well as the transcript from the hearing in the trial court in that proceeding. This evidence shows that the same parties have been

joined in this expunction petition that were joined in Myers' prior petition. Because all three elements have been met by competent evidence, res judicata bars the relitigation of Myers' new expunction claim.

■ Myers asks us to hold that an expunction proceeding is administrative in nature rather than legal in nature. Expunction actions are legal proceedings that (1) are established and governed by express statutory provisions, (2) must be filed in a specific court of law, and (3) are decided by applying past facts to the burden of proof specified in the statute.

■ Expunction is a statutory privilege that is granted by, and may be limited by, the Legislature. *State v. Autumn Hills Ctrs., Inc.,* 705 S.W.2d 181, 182 (Tex. App.-Houston [14th Dist.] 1985, no writ). Where a cause of action is created by statute, the statutory provisions must be satisfied in order to sustain the action. *Harris County Dist. Attorney v. Lacafta,* 965 S.W.2d 568, 569 (Tex.App.-Houston [14th Dist.] 1997, no pet.). A petition for expunction, under the statute in effect at the time of Myers' arrest, must have been filed in a district court for the county in which the person was arrested. *See Ex parte Myers,* 24 S.W.3d at 479. An expunction cannot be considered in any court other than that specified in the statute, because the Legislature's designation of venue is mandatory and jurisdictional. *Id.* at 480.

■ An expunction action is a special proceeding where the court's actions are not exercised according to the course of the common law, but according to the express requirements of the statutory scheme. *See Johnson v. Williams,* 24 S.W.2d 79, 80 (Tex.Civ.App.-Eastland 1929, writ ref'd). It is a civil proceeding where the burden of compliance with the statutory burden of proof rests solely with

the petitioner. *Ex parte Myers*, 24 S.W.3d at 480–81. It is an adversarial proceeding in which all of the law enforcement agencies and other officials or entities that have records subject to expunction must be named in the petition. TEX.CODE CRIM. PROC. ANN. art. 55.02, § 2(b)(8) (Vernon Supp.2002). All law enforcement agencies that may have records the petitioner wants expunged must receive notice of, and are entitled to be represented by counsel at, the expungement hearing. TEX.CODE CRIM. PROC. ANN. art. 55.02, § 2(c) (Vernon Supp. 2002). An agency protesting the expunction may appeal the court's decision in the same manner as in other civil cases. TEX. CODE CRIM. PROC. ANN. art. 55.02, § 3(a) (Vernon Supp.2002). Texas law governing expunction of criminal records creates a unique situation in which all persons and agencies party to an expunction action share not only interwoven, but identical, interests. *Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex.1991). Thus, a partial expunction by some, but not all, of the agencies listed in the petition is not permitted. *Id.*

■■■ Because expunction is not a common-law right, but a statutory one, a court has no equitable power to expand the clear meaning of the statute. *Texas Dep't of Pub. Safety v. Katopodis*, 886 S.W.2d 455, 458 (Tex.App.-Houston [1st Dist.] 1994, no writ); *Texas Dep't of Pub. Safety v. Wiggins*, 688 S.W.2d 227, 229 (Tex.App.-El Paso 1985, no writ). It is clear that an expunction action is a legal proceeding.

■■■ Myers argues that if expunction were an administrative proceeding, res judicata would not bar her subsequent expunction petition. We disagree. Even if expunction actions were administrative proceedings, they are the type of administrative proceedings to which res judicata applies. In support of her position, Myers cites *Davenport v. State*, 574 S.W.2d 73

(Tex.Crim.App.1978), and *Bryant v. L.H. Moore Canning Co.*, 509 S.W.2d 432 (Tex. Civ.App.-Corpus Christi 1974, no writ). The *Bryant* court pointed out, however, that the principles of res judicata apply in certain types of administrative actions. *Bryant v. L.H. Moore Canning Co.*, 509 S.W.2d at 434 (citing *R.R. Comm'n v. Phillips*, 364 S.W.2d 408 (Tex.Civ.App.-Austin 1963, no writ)). The nature of the action is the controlling factor in determining whether res judicata applies to an administrative decision.

In judicial proceedings, courts apply law to past facts that remain static. On the other hand, administrative bodies are concerned with fluid facts and changing policies. *Killingsworth v. Broyles*, 300 S.W.2d 164, 165 (Tex.Civ.App.-Austin 1957, no writ). From the nature of an expunction proceeding, even if we assume that it is an administrative proceeding, it is the type of administrative proceeding in which res judicata would apply to bar relitigation of Myers' subsequent petition.

Myers argues that res judicata does not apply to decisions of courts performing administrative functions, citing *Davenport v. State*, 574 S.W.2d at 76, and *Burrows v. Texas Dep't of Pub. Safety*, 740 S.W.2d 19 (Tex.App.-Dallas 1987, no writ.). The *Burrows* court held that a plea of guilty to a driving while intoxicated charge did not bar an administrative license revocation hearing, pursuant to the authority of TEX. REV.CIV. STAT. ANN. art. 6687b, § 22 (Vernon 1977). The situation in *Burrows* is not present in this case. There were two separate proceedings of different types and undertaken pursuant to different statutory provisions. The administrative proceedings under Section 22 of Article 6687b are essentially civil in nature and are not criminal prosecutions. *Burrows v. Texas Dep't of Pub. Safety*, 740 S.W.2d at 20 (citing *Texas Dep't of Pub. Safety v. Casselman*,

417 S.W.2d 146, 147 (Tex.1967)). Such a proceeding is separate and distinct from a criminal prosecution for driving while intoxicated. It does not involve the same parties, because the district attorney's office, charged with prosecuting the offense, has no right to appear at the license revocation hearing. Nor does the DPS have a right to be represented at the criminal trial of a driving while intoxicated charge. Furthermore, *Burrows* relies entirely on *Davenport* for the proposition that res judicata does not apply to administrative proceedings. *Burrows v. Texas Dep't of Pub. Safety,* 740 S.W.2d at 21. The court in *Davenport* stated that a community supervision revocation hearing was administrative in nature, and only for that reason held that res judicata did not operate to bar the state's subsequent motion to revoke community supervision.[1] *Davenport v. State,* 574 S.W.2d at 76.

In *Ex parte Tarver,* the court reached the opposite conclusion than in *Davenport. Ex parte Tarver,* 725 S.W.2d 195, 197 (Tex.Crim.App.1986). The *Tarver* court held that the doctrine of collateral estoppel barred the state from prosecuting the appellant for assault after the state failed to prove the same allegation in a probation revocation hearing. Collateral estoppel[2] means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. *Ex parte Tarver,* 725 S.W.2d at 198 (quoting *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469, 475 (1970)). The court

expressly disagreed with the decision in *Davenport. Id.* at 199. The court noted that a community supervision revocation hearing involves a trial court acting as finder of fact, after a full hearing on an issue at which both the state and an accused are represented by counsel, and to that extent the court is "acting in a judicial capacity." *Id.* Accordingly, even if expunction proceedings were administrative rather than legal, the fact that they take place in a district court, with a trial judge acting as fact finder, with a full hearing at which all parties have the right to be represented by counsel, demonstrates that the expunction court is acting in a judicial capacity.

For the reasons stated, we affirm the judgment of the trial court.

---

1. The State's second motion to revoke probation, filed six weeks after the first was denied, alleged the same factual bases as ground for revocation that were alleged in the first motion to revoke. *Davenport v. State,* 574 S.W.2d 73, 74 (Tex.Crim.App.1978).

2. Collateral estoppel is issue preclusion, while res judicata is claims preclusion. *See Coalition of Cities for Affordable Util. Rates v. Public Util. Comm'n,* 798 S.W.2d 560, 562–63 (Tex.1990) (explaining when the doctrines of res judicata and collateral estoppel bar relitigation of claims or issues).