NO. 07-03-0413-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 25, 2004

_____

EX PARTE ADAM LOPEZ

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-518,372; HONORABLE BLAIR CHERRY, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following the trial court's order denying his petition for expunction of records, appellant Adam Lopez, proceeding *pro se* and *in forma pauperis*, filed this appeal. By two issues, he contends the trial court abused its discretion in (1) denying his petition after the charge of escape was dismissed, and (2) in failing to apply the guidelines and principles pertaining to properly dismissed offenses. We affirm.

While Lopez was under arrest and being held in the Lubbock County Jail for possession with intent to deliver a controlled substance, he committed the offense of escape. After once again being confined in the county jail, he was served with a copy of an indictment for the offense of escape. Pursuant to a plea agreement, appellant pled guilty to the possession charge in exchange for dismissal of the escape charge. On June 30, 2000, following a telephone hearing, the trial court granted the State's motion to dismiss the escape indictment. Lopez filed a verified petition to have his criminal record in the escape case expunged alleging he was tried for that offense and was "acquitted by THE TRIAL COURT pursuant to the non-jury verdict of dismissal . . . ."

The purpose of article 55.01 of the Texas Code of Criminal Procedure is to allow persons who have been wrongfully charged to expunge their arrest records. State v. Knight, 813 S.W.2d 210, 212 (Tex.App.–Houston [14th Dist.] 1991, no writ). Article 55.01 provides in relevant part that a person is entitled to have criminal records expunged if an indictment charging him with commission of a felony was presented, has been dismissed, and the court dismisses the cause because the presentment was based on mistake, false information, or other similar reason indicating absence of probable cause . . . .[1] See Tex. Code Crim. Proc. Ann. art. 55.01(a)(2). Because an expunction is a civil proceeding, the petitioner bears the burden of proving strict compliance with the statutory requirements.

---

[1]We reference the statute as it existed at the time of the offense for which Lopez seeks to have the records expunged. See Act of May 30, 1999, 76th Leg., R.S., ch. 1236, §1, 1999 Tex. Gen. Laws 4279; Ex parte Myers, 68 S.W.3d 229, 232 (Tex.App.–Texarkana 2002, no writ).

Ex parte Guajardo, 70 S.W.3d 202, 205 (Tex.App.–San Antonio 2001, no writ). Furthermore, courts have no equitable power to extend the right to expunction beyond that allowed by statute. Texas Dept. of Public Safety v. Wiggins, 688 S.W.2d 227, 229 (Tex.App.–El Paso 1985, no writ).

By two issues, Lopez asserts abuse of discretion by the trial court in denying his petition and in failing to apply the guidelines and principles pertaining to properly dismissed offenses. We disagree. A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles of law. Walker v. Gutierrez, 111 S.W.3d 56, 62 (Tex. 2003). Article 55.01 guides the court on when to permit expunction of records to a person who has proven entitlement to such right.

During the hearing on his petition for expunction, Lopez admitted under cross-examination that dismissal of the escape charge resulted from a plea agreement in the possession charge. Relying on article 55.01, the State argued that Lopez was not entitled to have his records expunged because the dismissal was granted pursuant to an agreement and not on the merits of the escape charge nor on the absence of probable cause.

In Texas Dept. of Public Safety v. Failla, 619 S.W.2d 215, 217 (Tex.Civ.App.–Texarkana 1981, no writ), the court noted that the expunction statute was never intended to allow a person who is arrested, pleads guilty, and receives probation to be entitled to have his criminal records regarding that offense expunged. The State does

3

not cite any authority and we have found none holding that expunction is not permitted from dismissal of an indictment pursuant to a plea agreement on another charge. Nevertheless, given the intent of the Legislature in limiting expunction after dismissal of a case to the situations provided in article 55.01(a)(2), we are not authorized to expand the right to expunction to apply to dismissals resulting from plea agreements in other cases. Thus, the trial court did not abuse its discretion in denying Lopez's petition for expunction of criminal records relating to the escape charge. *See* Heine v. Texas Dept. of Public Safety, 92 S.W.3d 642, 646 (Tex.App.–Austin 2002, pet. filed Jan. 16, 2003) (applying abuse of discretion standard to a trial court's ruling on a petition for expunction). Issues one and two are overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice

4