**In re Earnest Carl WILSON.**

**No. 06–06–00022–CV.**

Court of Appeals of Texas, Texarkana.

Submitted July 13, 2006.

Decided Oct. 18, 2006.

Rehearing Overruled Nov. 7, 2006.

Earnest Carl Wilson, Rosharon, pro se.

Al Davis, Asst. District Atty., Joe Black, Criminal District Atty., Marshall, J. Frank Davis, Texas Dept. of Public Safety, Austin, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Earnest Carl Wilson appeals from the denial of his petition seeking to have information about his arrest expunged from public records. At the time of the arrest on April 24, 1990, Wilson was on deferred adjudication. He was arrested for violating the conditions of his community supervision, and the trial court revoked his community supervision and adjudicated him guilty of the prior crime. The motion to proceed with adjudication of guilt alleged he violated the terms of his community supervision by public intoxication, possession of cocaine, and consumption of alcohol. It appears Wilson had previously been arrested for possession of a controlled substance, but it is not clear as to whether any charges were filed against Wilson as a result of that arrest. The records pertaining to that arrest were expunged. The record in this appeal, however, fails to show that any charges were ever filed in connection with the other alleged violations of community supervision.

 Expunction is a statutory privilege that is granted by, and may be limited by, the Legislature. *Ex parte Myers*, 68 S.W.3d 229, 233 (Tex.App.-Texarkana 2002, no pet.); *State v. Autumn Hills Ctrs., Inc.*, 705 S.W.2d 181, 182 (Tex.App.-Houston [14th Dist.] 1985, no writ). Where a cause of action is created by statute, the statutory provisions must be satisfied in order to sustain the action. *Harris County Dist. Attorney v. Lacafta*, 965 S.W.2d 568, 569 (Tex.App.-Houston [14th Dist.] 1997, no pet.).

Articles 55.01 and 55.02 of the Texas Code of Criminal Procedure set out the situations in which a person is entitled to expunction and the procedure that is to be followed in an expunction proceeding. TEX. CODE CRIM. PROC. ANN. arts. 55.01–.02 (Vernon Supp.2006). In this case, the issue, as framed by both Wilson and the State, is limited to whether Wilson met his burden of proof under Article 55.01(a).

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . . .

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

(i) the limitations period expired before the date on which a petition for expunction was filed. . . .

TEX.CODE CRIM. PROC. ANN. art. 55.01.

In this case, the parties agree that the statute of limitations has expired, and that is not at issue. The parties also agree that no indictment was ever sought. The point of contention, as addressed by Wilson, is whether the document used by the State to accuse Wilson, which culminated in the revocation of his community supervision, serves as an "information" charging him with commission of a felony.[1] Although

---

1. The State acknowledges that no information was filed, but notes that, on April 25, 1990, a motion to proceed with adjudication of guilt was filed regarding Wilson's then recent arrest. The State argues that this is a judicial

we have some doubt that such a document could be described as an information, we need not reach that contention in this case.

■ An appellate court may uphold a trial court's ruling on any legal theory or basis applicable to the case, but may not reverse a trial court's ruling on any theory or basis that might have been applicable to the case, but was not raised. *Martinez v. State,* 91 S.W.3d 331, 336 (Tex.Crim.App. 2002).

■ In this case, the controlling question is framed by a different part of the same section of the Code:

> A person who has been placed under ... arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged [if statutory conditions are met].

Tex Code Crim. Proc. Ann. art. 55.01(a).

As directly stated by the document that justified his arrest, Wilson was not arrested for the commission of a crime, but for the violation of the terms of his community supervision. Indeed, one of the stated

document covered by the definition of "infor-

purposes of the arrest is not, on its face, a violation of any law, and as phrased, the document does not allege violation of criminal statutes, either felony or misdemeanor. It alleges only violations of the terms of his community supervision and seeks final adjudication of the offense for which he was on deferred adjudication. For these reasons, it is immaterial as to whether the records pertaining to an arrest on one of the alleged violations of community supervision have been expunged or whether charges were ever filed on any of the allegations.

Because Wilson has not met the requirements of the statute, he is not entitled to expungement and it is unnecessary for us to address his other allegations.

We affirm the judgment.