NO. 07-04-0428-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 28, 2006


 ______________________________



IN THE INTEREST OF C.H., C.H. AND C.H., CHILDREN


_______________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY



NO. 2002-518,450; HONORABLE JIM BOB DARNELL, JUDGE


_________________________________




Before CAMPBELL and HANCOCK, JJ. (1)

CONCURRING OPINION


 I concur with the result of the majority opinion. However, my concurrence is the
result of the failure of McCann to either claim surprise at the time the trial court made its
initial ruling to allow the testimony in question or to request a continuance to investigate the
information developed in the late filed discovery. See Tex. R. Civ. P. 193.6(a)(2), 193.6(c). 
Without the requisite claims by McCann, I cannot find that the trial court abused its
discretion in allowing the testimony. Owens-Corning Fiberglass Corp. v. Malone, 972
S.W.2d 35, 43 (Tex. 1998). 

 However, this case is a perfect example of the effect of allowing the exception to the
rule of full disclosure, as required by Rule 193, to become the norm by not enforcing the
language of the rule. Tex. R. Civ. P. 193. In discussing the precursor to Rule 193, Justice
Hecht stated, "To relax the good cause standard in Rule 215(5) would impair its purpose. 
Counsel should not be excused from the requirements of the rule without a strict showing
of good cause." Alvarado v. Farah Mfg. Co., Inc., 830 S.W.2d 911, 915 (Tex. 1992). An
attorney simply stating the fault was all mine does not address the requirements of the rule. 
However, the remedy, exclusion of the evidence, more especially in a child custody case
where the "best interest of the children" is paramount, was something the trial court was
not willing to do. As I stated at the outset, I concur with the majority, but only because the
action taken by McCann did nothing to assist the trial judge in addressing the remedy, for
the failure to file answers to discovery, except by exclusion of the evidence. 

 

 Mackey K. Hancock

 Justice
1. Don H. Reavis, Justice (Ret.), was on the panel that heard oral argument. He did
not participate in the decision. Tex. R. App. P. 41.1(b). 



extend the right to expunction beyond that
allowed by statute. Texas Dept. of Public Safety v. Wiggins, 688 S.W.2d 227, 229
(Tex.App.-El Paso 1985, no writ). 

 By two issues, Lopez asserts abuse of discretion by the trial court in denying his
petition and in failing to apply the guidelines and principles pertaining to properly dismissed
offenses. We disagree. A trial court abuses its discretion if it acts in an arbitrary or
unreasonable manner without reference to any guiding rules or principles of law. Walker
v. Gutierrez, 111 S.W.3d 56, 62 (Tex. 2003). Article 55.01 guides the court on when to
permit expunction of records to a person who has proven entitlement to such right. 

 During the hearing on his petition for expunction, Lopez admitted under cross-examination that dismissal of the escape charge resulted from a plea agreement in the
possession charge. Relying on article 55.01, the State argued that Lopez was not entitled
to have his records expunged because the dismissal was granted pursuant to an
agreement and not on the merits of the escape charge nor on the absence of probable
cause. 

 In Texas Dept. of Public Safety v. Failla, 619 S.W.2d 215, 217
(Tex.Civ.App.-Texarkana 1981, no writ), the court noted that the expunction statute was
never intended to allow a person who is arrested, pleads guilty, and receives probation to
be entitled to have his criminal records regarding that offense expunged. The State does
not cite any authority and we have found none holding that expunction is not permitted from
dismissal of an indictment pursuant to a plea agreement on another charge. Nevertheless,
given the intent of the Legislature in limiting expunction after dismissal of a case to the
situations provided in article 55.01(a)(2), we are not authorized to expand the right to
expunction to apply to dismissals resulting from plea agreements in other cases. Thus, the
trial court did not abuse its discretion in denying Lopez's petition for expunction of criminal
records relating to the escape charge. See Heine v. Texas Dept. of Public Safety, 92
S.W.3d 642, 646 (Tex.App.-Austin 2002, pet. filed Jan. 16, 2003) (applying abuse of
discretion standard to a trial court's ruling on a petition for expunction). Issues one and two
are overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice


 

 
1. We reference the statute as it existed at the time of the offense for which Lopez
seeks to have the records expunged. See Act of May 30, 1999, 76th Leg., R.S., ch. 1236,
§1, 1999 Tex. Gen. Laws 4279; Ex parte Myers, 68 S.W.3d 229, 232 (Tex.App.-Texarkana
2002, no writ).