

**NUMBER 13-08-00520-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**TEXAS DEPARTMENT OF PUBLIC SAFETY,**       **Appellant,**

**v.**

**JOSE LUIS SOTO,**       **Appellee.**

---

**On appeal from the 107th District Court
of Cameron County, Texas.**

---

# O P I N I O N

**Before Justices Yañez, Rodriguez, and Benavides
Opinion by Justice Rodriguez**

Appellant, the Texas Department of Public Safety (TDPS), appeals the trial court's

order granting a petition for expunction filed by appellee, Jose Luis Soto. By two issues,

TDPS contends that it did not receive notice of the expunction hearing and that Soto did

not meet his burden of proof. We reverse and set aside the expunction order and remand for proceedings consistent with this opinion.

## I. BACKGROUND

On December 19, 2007, Soto filed a petition for expunction of his arrest records that listed five agencies as respondents, including TDPS. The trial court set a hearing for March 3, 2008, and TDPS was notified of the hearing by certified mail. TDPS filed an original answer denying each and every allegation in Soto's petition. On March 3, the trial court reset the hearing to March 27. On March 18, 2008, the Cameron County District Attorney, another agency listed in Soto's petition, filed a motion for continuance. The trial court reset the hearing to July 31, 2008. On April 22, 2008, Soto filed an amended petition for expunction, and a hearing was set for June 26, 2008. On June 26, the trial court rescheduled the hearing to July 31, 2008. TDPS did not receive notice of the new date nor did it waive the requirement of notice. As a result, TDPS did not participate at the July 31 expunction hearing during which the trial court granted the expunction of Soto's arrest records. This appeal ensued.

## II. DISCUSSION

The procedures to be followed in an expunction proceeding are set forth in article 55.02 of the Texas code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02 (Vernon Supp. 2008). Because the right to expunction is a statutory privilege, the petitioner must satisfy the provisions of article 55.02 in order for his action to be sustained. *Ex parte Myers*, 68 S.W.3d 229, 232 (Tex. App.–Texarkana 2002, no pet.). Section 2(c) of article 55.02 provides that "the court . . . shall give reasonable notice of the hearing to each . . . agency . . . named in the petition" by either certified mail, return receipt requested

2

or secure electronic mail, electronic transmission, or facsimile transmission. TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c).

By its first issue, TDPS contends that the trial court's expunction order should be set aside because TDPS was not provided notice of the July 31 hearing pursuant to article 55.02. *See id.* We agree. TDPS is an agency named in Soto's petition; therefore, it was entitled to reasonable notice of the July 31 hearing. *See id.* Here, the record does not show that TDPS received notice of the July 31 hearing in accordance with the expunction statute; therefore, the expunction order must be set aside. *See Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 112-13 (Tex. App.–San Antonio 1997, no pet.) (concluding that the trial court erred in granting a petition for expunction because the appellant did not receive notice that the expunction hearing was reset). We sustain TDPS's first issue. Due to the disposition of TDPS's first issue, we need not address its second issue. *See* TEX. R. APP. P. 47.1.

## III. CONCLUSION

We reverse and set aside the expunction order and remand for proceedings consistent with this opinion.[1]

NELDA V. RODRIGUEZ
Justice

Opinion delivered and filed this
26th day of March, 2009.

---

[1] We note that when an expunction order is reversed and set aside, the reversal applies to all agencies in possession of relevant criminal records. *Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) (per curiam); *Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 113 (Tex. App.–San Antonio 1997, no pet.).