COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-479-CV

 

 

JERZY WOJCIECH ROWLAND                                                APPELLANT

 

                                                   V.

 

THE TEXAS
DEPARTMENT

OF PUBLIC SAFETY AND 

THE STATE OF TEXAS                                                          APPELLEES

 

                                              ------------

 

            FROM THE 367TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  Introduction

In two issues, pro se appellant Jerzy Wojciech
Rowland appeals the trial court=s order
denying his second petition for expunction. 
We affirm.








                              II.  Factual and Procedural History

In July 1999, the Flower Mound Police arrested
Rowland and charged him with possession or promotion of child pornography.  In July 2007, Rowland filed a petition to
have the charges expunged from his record, claiming that he had met the
conditions for expunction and that no indictment, charges, or conviction had
resulted from his July 1999 arrest.  In
September 2007, the trial court entered a judgment denying Rowland=s
petition.  Rowland did not appeal this
final judgment.

In November 2007, Rowland filed a second
petition, seeking to have the same charges underlying his first petition
expunged from his record.  In November
2008, the trial court denied Rowland=s second
petition on the ground of res judicata or, in the alternative, failure to prove
eligibility for the expunction.  This
appeal followed.

                                          III.  Discussion 

In two issues, Rowland argues that the trial
court erred by incorrectly applying the doctrine of res judicata and by
burdening him, an indigent inmate, with having to prove that he is eligible for
an expunction.  Rowland, however, cites
no authorities and provides no legal analysis in support of his arguments.








Although we liberally construe pro se pleadings
and briefs, we nonetheless require pro se litigants to comply with applicable
laws and rules of procedure.  See
Wheeler v. Green, 157 S.W.3d 439, 444 (Tex. 2005); Cooper v. Circle Ten
Council Boy Scouts of Am., 254 S.W.3d 689, 693 (Tex. App.CDallas
2008, no pet.).  Therefore, because
Rowland offers no legal analysis and fails to cite any meaningful authority to
support his specific contentions, he presents nothing for us to review on these
issues.  See Tex. R. App. P.
38.1(i); see also Tello v. Bank One, N.A., 218 S.W.3d 109, 116 (Tex.
App.CHouston
[14th Dist.] 2007, no pet.). 
Accordingly, we overrule Rowland=s two
issues and affirm the trial court=s
judgment.[2]

 

PER
CURIAM

 

PANEL:  MCCOY, LIVINGSTON, and
DAUPHINOT, JJ.

 

DELIVERED: July 16, 2009











[1]See Tex. R. App. P. 47.4.





[2]Furthermore, even if
Rowland had provided legal authority and analysis to support his arguments, res
judicata bars Rowland=s second petition.  See Ex parte Myers, 68 S.W.3d
229, 231B34 (Tex. App.CTexarkana 2002, no pet.)
(applying res judicata on similar facts).