

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-479-CV

JERZY WOJCIECH ROWLAND                                     APPELLANT

V.

THE TEXAS DEPARTMENT
OF PUBLIC SAFETY AND
THE STATE OF TEXAS                                        APPELLEES

------------

### FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I.  Introduction

In two issues, pro se appellant Jerzy Wojciech Rowland appeals the trial court's order denying his second petition for expunction.  We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II.  Factual and Procedural History

In July 1999, the Flower Mound Police arrested Rowland and charged him with possession or promotion of child pornography.  In July 2007, Rowland filed a petition to have the charges expunged from his record, claiming that he had met the conditions for expunction and that no indictment, charges, or conviction had resulted from his July 1999 arrest.  In September 2007, the trial court entered a judgment denying Rowland's petition.  Rowland did not appeal this final judgment.

In November 2007, Rowland filed a second petition, seeking to have the same charges underlying his first petition expunged from his record.  In November 2008, the trial court denied Rowland's second petition on the ground of res judicata or, in the alternative, failure to prove eligibility for the expunction.  This appeal followed.

## III.  Discussion

In two issues, Rowland argues that the trial court erred by incorrectly applying the doctrine of res judicata and by burdening him, an indigent inmate, with having to prove that he is eligible for an expunction.  Rowland, however, cites no authorities and provides no legal analysis in support of his arguments.

Although we liberally construe pro se pleadings and briefs, we nonetheless require pro se litigants to comply with applicable laws and rules of

2

procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005); *Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 693 (Tex. App.—Dallas 2008, no pet.). Therefore, because Rowland offers no legal analysis and fails to cite any meaningful authority to support his specific contentions, he presents nothing for us to review on these issues. *See* Tex. R. App. P. 38.1(i); *see also Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Accordingly, we overrule Rowland's two issues and affirm the trial court's judgment.[2]

PER CURIAM

PANEL: MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED: July 16, 2009

---

[2] Furthermore, even if Rowland had provided legal authority and analysis to support his arguments, res judicata bars Rowland's second petition. *See Ex parte Myers*, 68 S.W.3d 229, 231–34 (Tex. App.—Texarkana 2002, no pet.) (applying res judicata on similar facts).

3