Affirmed and Memorandum Opinion filed December 10, 2009.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-01171-CV

___________________

 

Steven and Robbie McCarroll,
Appellants

 

V.

 

My Sentinel, L.L.C., Appellee



 



 

On
Appeal from the 405th District Court

Galveston County,
Texas



Trial Court Cause No. 07CV0788

 



 

 

MEMORANDUM OPINION

            My Sentinel, L.L.C. sued Steven and Robbie McCarroll,
among other directors and officers of 4M Security Systems, Inc., to collect on
a judgment previously obtained against that corporation.  My Sentinel alleged
that 4M’s corporate charter had been forfeited, and on that basis, My Sentinel
sought to impose liability for the corporation’s debt against its directors and
officers pursuant to Texas Tax Code section 171.255.  At the conclusion of the
plaintiff’s case-in-chief, the McCarrolls moved for directed verdict on the
grounds that (1) application of the doctrine of res judicata barred My
Sentinel’s claim, and (2) the debt in question was not created or incurred in
Texas as required for the imposition of liability against a director or officer
of a corporation under section 171.255.  The trial court denied the motion, and
at the conclusion of trial awarded My Sentinel $58,406.89 jointly and severally
against the McCarrolls.[1] 
In their two issues on appeal, the McCarrolls contend that the trial court
erred in denying each of their grounds for directed verdict.  We affirm.

Background

On February 13, 2004, the Texas corporate charter of
4M became forfeit due to failure to pay state franchise taxes or file the
requisite associated reports.  After revocation of the charter, appellants, as
directors and officers of 4M, allegedly entered into an agreement with My
Sentinel to sell to My Sentinel certain security system monitoring accounts associated
with Luby’s Cafeteria locations in Texas.  According to My Sentinel, 4M
subsequently breached this agreement.

As a result of the alleged breach, My Sentinel, a
limited liability company organized under the laws of Utah, filed suit against
4M in Utah.  On May 25, 2007, the Third Judicial District Court of Salt Lake
County, Utah granted default judgment favoring My Sentinel.  The court awarded
My Sentinel $53,594.52 in actual damages and $4,812.37 in attorney’s fees and
court costs, as well as post-judgment interest on the total of $58,406.89.  4M
apparently never filed an answer or appeared in the lawsuit.

On June 25, 2007, My Sentinel domesticated the Utah
judgment in Texas with the 10th District Court in Galveston.  Again, 4M did not
answer or appear.  Shortly thereafter, on July 12, 2007, My Sentinel filed the
present lawsuit seeking to impose liability for the breach of contract damages,
under section 171.255 of the Texas Tax Code, on the directors and officers of
4M, including the McCarrolls. [2]

As stated above, the trial court denied the
McCarrolls’ motion for directed verdict, found them jointly and severally
liable for the damages, and awarded My Sentinel $58,406.89 plus pre- and
post-judgment interest.  On appeal, the McCarrolls contend that the trial court
erred in denying their directed verdict motion because (1) the doctrine of res
judicata bars the present lawsuit, and (2) the debt in question was not created
or incurred in Texas.  We review the denial of a motion for directed verdict
under the well-established standards for assessing legal sufficiency of the
evidence.  City of Keller v. Wilson, 168 S.W.3d 802, 823 (Tex. 2005).

Res Judicata

In their first issue,
the McCarrolls assert that My Sentinel’s claims in the present lawsuit are
barred by application of res judicata because the claims should have been
brought in the earlier Utah lawsuit.  The question of whether res judicata
applies in a particular case is often a mixed question of law and fact.  Ex
parte Myers, 68 S.W.3d 229, 231 (Tex. App.—Texarkana 2002, no pet.).  In
such cases, we utilize an abuse of discretion standard of review.  Id.
at 232.  However, where, as here, the only issues presented for review involve
purely legal determinations, the proper standard of review is de novo.  Id. 
When applicable, res judicata bars claims in a subsequent lawsuit that were
raised or could have been raised in a prior lawsuit.  See Igal v. Brightstar
Info. Tech. Group, Inc., 250 S.W.3d 78, 86 (Tex. 2008).  Application of res
judicata requires a showing of:  (1) a prior final judgment on the merits by a
court of competent jurisdiction, (2) the same parties or those in privity with
them, and (3) a second action based on the same claims as were raised or could
have been raised in the first action.  Id.  The McCarrolls arguments
implicate the merger component of res judicata, which provides that when a
plaintiff is successful on a cause of action in a lawsuit, the cause of action
is merged into the judgment and ceases to exist as a valid cause of action
apart from the judgment.  See, e.g., Barr v. Resolution Trust Corp. ex rel.
Sunbelt Fed. Sav., 837 S.W.2d 627, 628 (Tex. 1992).

The McCarrolls specifically
argue that because My Sentinel could have brought a claim for director or
officer liability in the Utah lawsuit, application of res judicata bars that
claim in the present case.  We disagree.  As the Texas Supreme Court has
explained, res judicata does not operate as a bar to actions brought to enforce
prior judgments.  See Matthews Constr. Co. v. Rosen, 796 S.W.2d 692, 694
(Tex. 1990) (“To apply res judicata [to prevent enforcement of a prior
judgment] would be to pervert the sanctity of judgments, not preserve them.”); Walker
v. Anderson, 232 S.W.3d 899, 912 (Tex. App.—Dallas 2007, no pet.)
(paraphrasing and following Matthews); see also In re Trammell,
246 S.W.3d 815, 822-23 (Tex. App.—Dallas 2008, orig. proceeding) (“Often, a
plaintiff files suit against a director or officer, seeking to hold that
director or officer personally liable for a corporate debt pursuant to section
171.255, after the entry of a judgment against the corporation.”).

Among other issues, Matthews
involved an assertion of res judicata in an enforcement action against an
individual who was alleged to have used the corporate defendant in a prior
action as his alter ego.  Id. at 692-94.  In briefly rejecting the
individual’s assertion of res judicata, the Texas Supreme Court explained that
the plaintiff was not attempting in any way to challenge the prior judgment but
was seeking to enforce it, as the victorious plaintiff was entitled to do.  Id.
at 692-94.

Although not directly on
point with the case currently before us, Matthews is closely analogous. 
In the present action, My Sentinel is not using a theory of alter ego to
enforce the prior judgment against the individuals behind 4M, but it is using
the Tax Code charter-forfeiture provisions in essentially the same way.  Like
the plaintiff in Matthews, My Sentinel is not seeking to adjudicate or
re-adjudicate any cause of action that was either brought or could have been
brought in the prior suit; rather, it is seeking to enforce the judgment in the
prior suit.  The McCarrolls have identified no reason, and we can discern none,
for distinguishing or disregarding the legal analysis contained in the Matthews
case.  Consequently, we overrule the McCarrolls’ first issue.

Texas Debt

            In
their second issue, the McCarrolls contend that the trial court erred in
imposing liability against them under section 171.255 of the Tax Code because
contrary to the requirements of that section, the debt in question was incurred
or created in Utah (when the Utah court granted the default judgment against
4M) and not in Texas.  In making this argument, the McCarrolls acknowledge that
a debt is deemed created or incurred, for section 171.255 purposes, at the time
of the event or events which gave rise to that debt.  See Williams v. Adams,
74 S.W.3d 437, 443 n.2 (Tex. App.—Corpus Christi 2002, pet. denied) (collecting
cases).  In the breach of contract context, the relevant event is when the
contract in question was executed, not when the breach occurred.  Id. 
The McCarrolls further do not dispute that the underlying debt sought to be
enforced against them is based on an alleged breach of a contract.  Instead,
they appear to argue that the reduction of the debt to a monetary judgment by
the Utah court somehow created an intervening event that made the location of
the trial court issuing the judgment the relevant location for purposes of
section 171.255.

We disagree.  The
issuance of the judgment did not give rise to or create the debt in question;
it established My Sentinel’s legal right to collect an existing debt.  The debt
in question is the debt on the contract, a debt the McCarrolls’ do not dispute
was created or incurred in Texas.[3] 
Additionally, the McCarrolls’ contention that issuance of the judgment
constituted an intervening event for purposes of section 171.255 ignores the fact
that the relevant events under section 171.255, for which a director or officer
can be held liable, are those a director or officer can be said to have
consented to or approved of and not involuntary events like issuance of a court
judgment.  See In re Trammell, 246 S.W.3d at 822.  Entering an agreement
is such an event; issuance of a court judgment would generally not be such an
event.  The McCarrolls’ have failed to demonstrate that the trial court erred
in denying their motion for directed verdict on the issue of where the debt was
created or incurred.  Accordingly, we overrule the McCarrolls’ second issue.

            We
affirm the trial court’s judgment.

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Seymore and Sullivan.

 









[1] Although other 4M
directors and officers were defendants in the trial below, the trial court did
not impose liability upon them, and they play no role in this appeal.





[2] Section 171.255 of the
Texas Tax Code provides in full as follows:

§ 171.255. Liability of
Director and Officers

(a)
If the corporate privileges of a corporation are forfeited for the failure to
file a report or pay a tax or penalty, each director or officer of the
corporation is liable for each debt of the corporation that is created or incurred
in this state after the date on which the report, tax, or penalty is due and
before the corporate privileges are revived.  The liability includes liability
for any tax or penalty imposed by this chapter on the corporation that becomes
due and payable after the date of the forfeiture.

(b)
The liability of a director or officer is in the same manner and to the same
extent as if the director or officer were a partner and the corporation were a
partnership.

(c)
A director or officer is not liable for a debt of the corporation if the
director or officer shows that the debt was created or incurred:

(1)
over the director’s objection;  or

(2)
without the director’s knowledge and that the exercise of reasonable diligence
to become acquainted with the affairs of the corporation would not have
revealed the intention to create the debt.

(d)
If a corporation’s charter or certificate of authority and its corporate
privileges are forfeited and revived under this chapter, the liability under
this section of a director or officer of the corporation is not affected by the
revival of the charter or certificate and the corporate privileges.

Tex. Tax Code § 171.255.





[3] In the Statement of Facts
in the McCarrolls’ brief, they assert that the agreement in question was never
executed.  However, at no point do they make any argument based on this
assertion, either in regard to the location where the alleged debt was created
or incurred or otherwise.