Affirmed and Memorandum Opinion filed August 11, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00247-CV



 

ANTHONY BERTEEN, Appellant

V.

JHANRIE ABIGAIL HAMDAN, Appellee

 



On Appeal from the 328th
District Court

Fort Bend County, Texas

Trial Court Cause No. 05-CV-141313



 

MEMORANDUM OPINION

Appellant, Anthony Berteen, appeals the trial court’s
order clarifying a provision in a divorce decree pertaining to division of the
spouses’ property.  We affirm.

I.  Background

            Berteen and appellee,
Jhanrie Abigail Hamdan (formerly Berteen), were divorced in 2005.  In the divorce
decree, the trial court awarded Berteen certain real property subject to the
following provision:

. . . before [Berteen] becomes sole owner . . ., the
property must appraised [sic] by Hill and Asscociates [sic] . . . .  [Hamdan] and
[Berteen] will share equally the cost of the appraisal. The equity on the
property will then be determined. [Berteen] will be awarded $11,000 of that
equity.  The remaining equity will be divided equally between [Berteen] and [Hamdan].
[Berteen] will then pay to [Hamdan] her share of the equity in one lump sum
within a reasonable time from the date this order is signed.

 

Subsequently, Hamdan filed a petition
for enforcement of this provision, alleging that Berteen refused to allow the
appraisal and to pay Hamdan’s share of the equity.  The parties signed a
mediated settlement agreement, which contained various agreements relative to
obtaining the appraisal.  Hamdan then requested an enforcement order in
accordance with the mediated settlement agreement.  On January 26, 2007, the
trial court signed an “Agreed Property Enforcement Order,” ruling in pertinent
part:

The Court finds that the parties agree to have the
property . . . appraised by Hill and Associates. The parties are both ordered
to pay one-half of the appraisal fees not later than October 13, 2006, made
payable directly to Hill and Associates.  

 

The Court finds the parties agree to have the
appraisal conducted on or before October 31, 2006.[1]

. . .

 

The parties are ORDERED to comply with all requests
made by Hill and Associates to facilitate the appraisal process.

 

After the appraisal was performed, Hamdan filed a
motion for clarification of the property division in the divorce decree,
asserting it was not sufficiently specific with respect to “conditions under
which [Berteen] shall pay [Hamdan] her equity interest.”  Berteen filed a
counter petition, seeking an order requiring Hamdan to execute a Special Warranty
Deed conveying the property to Berteen and to bear half of the mortgage
payments and repair costs incurred by Berteen between the divorce and the
appraisal as an offset against her share of the equity.

On
January 19, 2010, the trial court signed a “Clarification Order,” stating in
pertinent part:

The Court finds that the prior order to sell the
property . . . needs to clarified [sic]. The Court further finds the parties
had the property appraised pursuant to a prior court order. The Court finds
that the equity of the property shall be determined as follows: the appraised
value less the mortgage balance as of the date of the appraisal, less a pro
rata deduction for property taxes and insurance through the date of the
appraisal, less $11,000.00 paid to [Berteen]. The remaining equity shall be
divided equally between [Hamdan] and [Berteen].  [Berteen] shall pay [Hamdan]
her share of the equity in a lump sum payment within ninety days from the date
of this order.

            

The trial court did not
grant any of the relief requested by Berteen in his counter petition.  Berteen
now appeals from the clarification order.

II.  Analysis

In four issues, Berteen contends (1) rendition of the
clarification order was barred under the doctrine of res judicata, (2) the
trial court lacked jurisdiction to issue a clarification order absent a pending
motion to enforce, (3) the trial court erred by refusing to require Hamdan to
execute a Special Warranty Deed, and (4) the clarification order constituted an
impermissible modification of the divorce decree.

A.        Res Judicata

The doctrine of res judicata “prevents the
relitigation of a claim or cause of action that has been finally adjudicated,
as well as related matters that, with the use of diligence, should have been
litigated in the prior suit.”  Barr v.
Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992).

In the enforcement order, the trial court prescribed only
the procedure for obtaining an appraisal.  Then, in the clarification order,
the trial court recognized that the appraisal had been completed and prescribed
the procedure for determination of equity and payment of Hamdan’s share.  Berteen
apparently contends that this clarification should have been included in the
parties’ mediated settlement agreement and thus adjudicated in the enforcement
order.  He also suggests that the trial court’s failure to specifically
“reserve” in the enforcement order a ruling on any other issues precluded,
under the doctrine of res judicata, later clarification of the decree.   We
disagree.  

When an issue regarding application of res judicata
presents purely legal issues, we apply a de novo standard of review.  See
Ex parte Myers, 68 S.W.3d  229, 232 (Tex. App.—Texarkana
2002, no pet.); Pony Express Courier Corp. v.
Morris, 921
S.W.2d 817, 820 (Tex. App.—San Antonio 1996, no writ).  In this
case, the res judicata contention involves purely legal issues because our
resolution is based on Texas Family Code Chapter 9, Subchapter A, which governs
enforcement of a divorce decree.  See generally Tex. Fam. Code Ann. §§
9.001–.014 (West 2006 & Supp. 2009).  

Specifically, a court that rendered a divorce decree “retains
the power to enforce the property division.”  Id. § 9.002.  This power
includes authority “to render further orders to enforce the division of
property made in the decree of divorce . . . to assist in the implementation of
or to clarify the prior order.”  Id. § 9.006(a).  In particular, “[t]he
court may specify more precisely the manner of effecting the property division
previously made if the substantive division of property is not altered or
changed.”  Id. § 9.006(b).

In the present case, the trial court’s enforcement order
and clarification order, respectively, concerned two separate steps necessary
to effect the property division: (1) appraisal followed by (2) division of equity. 
Subchapter A includes no requirement that a trial court’s post-decree enforcement
or clarification of separate aspects of a property division must be adjudicated
within one proceeding.  See id. §§ 9.001–.014.  Similarly, Subchapter A does
not prohibit a trial court from rendering multiple enforcement or clarification
orders as issues arise on progressive procedures necessary to effect a property
division.  See id.  Our imposing such a prohibition under the doctrine
of res judicata would be contrary to the court’s “[c]ontinuing” authority to render
further “orders” (in the plural) to enforce its decree.  See id. §§ 9.002,
9.006(a).  Finally, Subchapter A includes no requirement that a trial court
issuing an enforcement or clarification order must expressly reserve the right
to rule on any other issues before it may later exercise its continuing
jurisdiction to render further orders.  See id. §§ 9.001–.014.  Accordingly,
the trial court’s clarification order was not barred under the doctrine of res
judicata.  We overrule Berteen’s first issue.

B.        Jurisdiction
to Render Clarification Order

Next, Berteen argues that the trial court lacked jurisdiction
to render the clarification order absent a pending motion to enforce.  Berteen emphasizes
that the previous enforcement petition had been resolved and the motion for
clarification was not joined with any other enforcement petition.  Whether
jurisdiction exists is a question of law, which we review de novo.  Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).

The title of Subchapter A is “Suit To Enforce
Decree.”  See Tex. Fam. Code Ann. §§ 9.001–.014.  As mentioned
above, a trial court is authorized under this subchapter to render orders “to
enforce the division of property . . . to assist in the implementation of or
to clarify the prior order.”  Id. § 9.006(a) (emphasis added).  Therefore,
we construe a clarification order as one option a trial court may exercise to
enforce its divorce decree and a clarification proceeding as a form of enforcement
proceeding.  See Wright v. Eckhardt, 32 S.W.3d 891, 894 (Tex. App.—Corpus
Christi 2000, no pet.) (recognizing that valid clarification order
merely enforces original decree).  Accordingly, by filing her motion for
clarification, Hamdan invoked the trial court’s jurisdiction to render its
clarification order even if the previous enforcement petition had been resolved
and there was no other pending enforcement petition.

To
support his jurisdictional argument, Berteen also cites section 9.008, which
provides in pertinent part:

(a) On the
request of a party or on the court’s own motion, the court may render a
clarifying order before a motion for contempt is made or heard, in conjunction
with a motion for contempt or on denial of a motion for contempt.

(b) On a
finding by the court that the original form of the division of property is not
specific enough to be enforceable by contempt, the court may render a
clarifying order setting forth specific terms to enforce compliance with the
original division of property.

Tex. Fam. Code Ann. §
9.008(a), (b).

Berteen suggests section 9.008 requires that a motion
for clarification be joined with a contempt proceeding.  Berteen also contends
that the trial court lacked authority to render the clarification order because
it did not first find that “the original form of the division of property is
not specific enough to be enforceable by contempt.”  See id. §
9.008(b).

We note that these contentions seem somewhat
inconsistent with Berteen’s previous suggestion that Hamdan was required to
join the motion for clarification with any general enforcement petition. 
Nonetheless, section 9.008 is only one of the provisions in Subchapter A addressing
a trial court’s power to render a clarification order.  As we have mentioned, section
9.006(b) also authorizes the court to “specify more precisely the manner of
effecting the property division previously made if the substantive division of
property is not altered or changed.”  Id. § 9.006(b).  A sister court
has held that sections 9.006(b) and 9.008 provide independent bases for a court
to render a clarification order.  See Wright, 32 S.W.3d at 894–95. 
In particular, the Wright court held that the finding required under
section 9.008(b) is not required under section 9.006(b).  Id. at 894–95;
compare Tex. Fam. Code Ann. § 9.006(b), with § 9.008(b). 
However, our court has indirectly suggested that section 9.008(b) more
specifically describes the court’s authority under section 9.006(b) to clarify
its divorce decree and prescribes an additional perquisite for a clarification
order.  See Marshall v. Priess, 99 S.W.3d 150, 158 (Tex.
App.—Houston [14th Dist.] 2002, no pet.).

Assuming without deciding section 9.008 is applicable
to any motion for clarification, the provision negates Berteen’s argument that such
a motion must be joined with a contempt proceeding; section 9.008(a) expresses
that the trial court may clarify the divorce decree “before” a motion for
contempt is made.  See Tex. Fam. Code Ann. § 9.008(a).

With respect to Berteen’s argument that the trial
court failed to make the finding set forth in section 9.008(b), the court did
not issue findings of fact and conclusions of law and they were not properly
requested; although Berteen timely requested findings, the record contains no
notice of past due findings.  See Tex. R. Civ. App. 297.  When no findings of fact or conclusions of law are filed or properly requested after a bench trial,
it is implied that the trial court made all necessary findings to support its judgment.  Mays v. Pierce, 203 S.W.3d 564, 571
(Tex. App.—Houston [14th Dist.] 2006, pet. denied) (citing Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989)).
 Consequently, even if the trial court was required to make the finding set
forth in section 9.008(b), the court made such an implied finding. 
Accordingly, we overrule Berteen’s second issue.

C.        Special
Warranty Deed

Berteen
also complains that the trial court denied his request for a provision in the clarification
order requiring Hamdan to execute a Special Warranty Deed conveying the
property to Berteen.  According to Berteen, ownership of the property vested in
him as soon as the appraisal was completed.  Therefore, Berteen suggests that
the trial court’s denial of his request constituted a substantive modification
of the divorce decree which is prohibited under Family Code section 9.007:

(a) A
court may not amend, modify, alter, or change the division of property made or
approved in the decree of divorce or annulment. An order to enforce the
division is limited to an order to assist in the implementation of or to
clarify the prior order and may not alter or change the substantive division of
property.

(b)  An order under this section that amends,
modifies, alters, or changes the actual, substantive division of property made
or approved in a final decree of divorce or annulment is beyond the power of
the divorce court and is unenforceable. 

. . . 

 

Tex. Fam. Code Ann. § 9.007(a), (b).

However, Berteen was the party effectively requesting
modification because the decree provides that ownership will vest in Berteen
after the appraisal and division of equity.  Therefore, assuming without
deciding that a Special Warranty Deed is the appropriate instrument for
conveying the property, the trial court did not err by refusing to order
execution of such an instrument before the division of equity is completed.  As
we have discussed, there is no provision in Chapter 9, Subchapter A precluding
Berteen from moving to enforce or clarify the decree by requesting an order requiring
execution of a Special Warranty Deed as the final step in the property division
once the equity is divided.  Accordingly, we overrule his third issue. 

D.        Additional Substantive-Modification
Arguments

Finally, Berteen posits that the clarification order
constituted a substantive modification of the divorce decree in several
additional respects. 

First, Berteen emphasizes that the trial court stated
in the clarification order, “the prior order to sell the property . . . needs
to clarified.”  As Berteen asserts, the decree contains no requirement that the
property be sold.  Rather, Berteen is required only to pay Hamdan her share of
the equity in a lump sum.  Nonetheless, the court’s referenced statement in the
clarification order was merely a recital before ordering specific relief.  The
court did not then order that the property be sold.  Instead, consistent with
the decree, the court ordered Berteen to pay Hamdan her share of the equity in
a lump sum.  Accordingly, although the recital did not accurately reflect the
decree, it did not modify the decree.

Next, Berteen complains that the trial court added
procedures for determining equity which were not contained in the decree. 
However, the court merely “specif[ied] more precisely the manner of effecting
the property division previously made,” as authorized under section 9.006(b) if
“the substantive division of property is not altered or changed.”  Id. §
9.006(b).  The court specified the method for determining equity so that it
could then be divided in the manner required under the decree.  The court did
not alter the share of equity to which each party is entitled.

Lastly, Berteen contends that the clarification order
altered the decree “by unjust enrichment” because the trial court ordered that equity
be determined using the mortgage balance “as of the date of the appraisal” but Hamdan
did not help reduce the mortgage balance or pay repair costs incurred between
the divorce and the appraisal.  However, the clarification order was consistent
with the decree’s requirement that equity be determined once the appraisal is
performed.  In light of his complaint, Berteen is actually the party requesting
modification of the property division because the decree contains no term
allowing him to recover any mortgage payments or repair costs from Hamdan via a
reduction in her share of the equity or otherwise.  To the contrary, under another
portion of the decree addressing debts, the court ordered Berteen to pay the
balance due on the mortgage and “other charges due or to become due” on the
property, with no exception for mortgage payments or charges incurred between
the divorce and the appraisal.

In sum, because the trial court did not modify the
decree in the clarification order, we overrule Berteen’s fourth issue.

We affirm the clarification order.

 

 

                                                                                    ­­­­­­­­­­­­­­­­­­­­­­­­­­

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Boyce.









[1]
The order was signed after the date specified therein for the appraisal. 
Apparently, the delay was attributable to the parties’ inability to agree on
the terms of an order to reflect their mediated settlement agreement, thus
prompting Hamdan to request an enforcement order.  Nevertheless, the trial
court reduced the agreement to a written order regardless of the date on which
the appraisal was performed.